WALTER BUCHANNAN <em>against</em> ZACHEUS BIGGS.

Condemnation of goods in the District Court of the United States is conclusive, and the property or right of seizure cannot be again tried in an action of trespass against the excise officer.

TRESPASS *vi et armis* for taking and carrying away 188½ gallons of whiskey on the 1st March 1794.

Pleas *non cul.* with leave to justify, *et non cul. infra tres menses.*

The question intended to be decided was, whether spirits distilled,

---

from articles of the growth or produce of the United States in the country (and not in any city, town or village) were subject to forfeiture, on being removed from the distillery without being duly entered in the office of inspection, under the act of the United States, passed March 3d, 1791 ?

It appeared, that the spirits had been distilled from such articles in the country, purchased by the plaintiff, and removed by him from Washington county, to one James Marshall's, at the mouth of Buffaloe, in Ohio county in Virginia, on the 24th December 1793, and had been there seized by the defendant, as collector of excise, with a constable.

The defendant showed the proceedings of the United States Court for Virginia, district, on the third Tuesday of September 1794, at the suit of the United States, on an information against six casks of whiskey in the possession of the said James Marshall, alleged to be the property of the said Walter Buchannan, and a judgment of condemnation thereon, no person appearing to claim the same, and notice having been given to the said James Marshall and Walter Buchannan for fourteen days previous thereto.

The writ was sued out in this action before the condemnation, viz. on the 27th March 1794.

It was urged by the plaintiff, that the defendant was bound to procure a warrant from a judge or justice of the peace, to authorize the seizure under the 32d section of the act (1 U. S. Laws 324) and that the forfeiture of the liquors under the 19th section, only respected those distilled in any city, town or village.

But by the court. It is admitted that the seizure was made by the proper officer, without any outrage. 2 Stra. 952. A warrant from a judge or justice is only necessary, where the spirits are hid or concealed, with intent to evade the duties. In such cases, the law authorizes the officers of the revenue, under such warrant, in the presence of a peace officer, to enter into the suspected places. But where the distilled spirits are not branded nor accompanied by a certificate, they are declared forfeited, and the officer may seize them if within his view. § 28. If the defendant, without proper authority, had broken open doors, or had been guilty of unnecessary violence, or gross oppression in his office, he might be punishable in a state court for such misconduct. That misbehaviour is not imputed to him in the present instance.

This court cannot enter into the inquiry, whether the six casks of whiskey were legally seizable or not. It appears by the judgment of a proper tribunal, having full and competent jurisdiction of the matter

in question, that the whiskey was condemned as forfeited. That sentence is conclusive against the present plaintiff, and cannot be unravelled or revised in any state court, on principles of established law and sound policy. The plaintiff might have contested the seizure in the District Court of Virginia, by filing his claim there ; and having failed to do so, he is precluded from trying the question in this collateral way. This is no new case. 2 Blackst. Rep. 977. Hard. 194. S. Raym. 336. Carth. 323, 327. 12 Vin. Abr. 95. Authorities may be found in the books wherein the present doctrine is pointedly asserted.

The plaintiff suffered a nonsuit.

Mr. Brackenridge, *pro quer.*
Messrs. Ross and Campbell, *pro def.*