HOYT, Plaintiff in Error, *v.* REED, Defendant in Error.

1. The plaintiff, in his declaration, averred that he had deposited a certain sum of money with B , as a banker, and that the defendant, C., in consideration that B. would take him as a partner, had promised to pay the sum so deposited. The evidence was, that the plaintiff had deposited the money with B. and D. as partners, and that D. went out, and shortly after C. came into the firm. *Held*, this was no material variance.

2. In such a case, when the plaintiff produced his bank book, which showed his account, commencing before the defendant came in as a partner, and running down after he came in, with balances struck after that time; and when it was shown that this account was but a transcript of the ledger of the concern, the court could not, with propriety, say there was no evidence, that the defendant had assented to the transfer of the liabilities of the old to the new firm.

3. Where the plaintiff obtains a verdict for too large an amount, it is proper to allow him to enter a *remittitur* for the excess, to avoid a new trial.

*Error to St. Louis Circuit Court.*

This was an action of assumpsit, instituted by Silas Reed, the defendant in error, in the St. Louis Circuit Court, at the November term, 1844, against Cyrus G. Hoyt and Apollo W. Sterling.

The declaration was for money lent and advanced, money had and received, and for money paid, laid out and expended.

At the November term, 1849, of said court, the plaintiff, by leave of court, amended his declaration, by adding a special count, to the effect, that the plaintiff, Reed, had deposited $4,063, which he lent and advanced to the defendant, Sterling, in his business of broker and banker, at his instance and request; and that Hoyt, in consideration that Sterling would take him as a partner in said business, and would form a part-

nership with him, undertook and promised to pay the plaintiff the said sum of money, &c. The plaintiff also averred in his amended count, that Sterling did take Hoyt into his business as a partner, and formed a partnership with him, by means whereof, &c. To the original and amended declaration, Hoyt plead *non assumpsit*, and defended the action.

The plaintiff, Reed, furnished and filed a bill of particulars, as the foundation of his action, headed as follows :

" Bill of particulars of his demand against said defendant, Hoyt. Cash deposited with defendant, as co-partner with Apollo W. Sterling, as follows :

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1843. | October | 14th, | cash, | - | - | - | $300 | 00 |
| " | " | 28th, | " | - | - | - | 500 | 00 |
| " | " | " | " | - | - | - | 300 | 00 |
| | January — notes deposited as cash, | | | | - | | 450 | 00 |
| " | December | 26th, | cash | - | - | - | 1000 | 00 |
| " | " | 27th, | notes deposited as cash, | | | | 600 | 00 |
| | | | cash, | - | - | - | 220 | 00 |
| 1844. | January | 4th, | cash, | - | - | - | 500 | 00 |
| " | " | " | " | - | - | - | 193 | 00 |

$4,063 00

Cash lent and advanced by plaintiff to defendant, Hoyt, as co-partner with defendant; Sterling, as follows :

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1843. | October | 14th, | cash | - | - | - | $300 00 |

(Repeating the same items as above.)

At the trial, the plaintiff below introduced as a witness, the book-keeper of Sterling &' Co., who testified that the firm of Sterling & Co., when he first knew it, was composed of Apollo W. Sterling, and ——— Eckley ; that Eckley withdrew, and Hoyt became a partner ; that the partnership was to have taken place on January 1st, 1844 ; but, the books not being ready, it did not until January 8th, 1844. The bank book of the plaintiff, Reed, with Sterling & Co., was shown the witness, and he testified that he recognized it, and that most of the entries in it were in his own handwriting ; that Sterling & Co. were

doing a broker's and banker's business ; that they received deposits from others besides Reed. The witness did not know on what terms Hoyt became a partner in the firm of Sterling & Co. ; that it was about the 8th January, 1844, when he went in ; that he, the witness, was in the employ of Sterling & Co. after Hoyt became a partner, as long as the firm did business ; that all the entries in the bank book, and not included in brackets, are in his hand writing. He was not able to state who made the other entries.

The witness testified, that after Hoyt became a partner in the firm, he was not personally engaged in the transaction of the business. He was engaged and employed in Col. Chambers' office, collecting rent, &c. The name of the firm was not changed when Hoyt came in. Witness was not able to state whether the deposits were made on the days on which credits are made in the said bank book of plaintiff. The entry in said bank book of January 11th, 1844, it was the impression of the witness, was not a deposit of cash, but was that much assumed by A. W. Sterling and was charged to his private account. This bank book was in the possession of Reed. The said entry was made by direction of Sterling, but witness was not able to state whether the transaction was interest or old deposits. His impression was, that he charged said amount of $193 in Sterling's private account, and credited Reed with it. The witness stated that the bank book referred to embraced deposits made with the concern, before Hoyt went into it.

Eckley went out about the 1st of January, 1844, or last of December. The book offered in evidence was in Reed's possession, and was his bank book with Sterling & Co. Witness did not know that Eckley was a partner, except from what Sterling told him. Eckley's son was employed about the office, and Sterling wanted to get rid of Eckley and his son. Before Hoyt came into the concern, witness saw Hoyt, Sterling and Col. Chambers in a room in the rear of the office on a Sunday, either before the 1st of January, or after the 1st and before the 8th of January, 1844, looking over the books of

the concern of Sterling & Co., but the witness did not know what sort of examination was made, or what they were doing with them.   He found them there after usual dinner hour, and he left before dark ; can't say whether Hoyt was there after he left, or went away before.   Hoyt put $1200 into the concern. The style of the firm was Sterling & Co., and it was not changed after Hoyt came in as a partner.   The witness stated that this bank book is a transcript of the ledger of the concern.

The bank book shown witness and about which he gave testimony, was read in evidence.   The first entry in the bank book referred to by this witness, is dated October 26th, 1843, on the debit side, and October 24th, 1843, on the credit side. From this time forward, different entries, at different dates, and on both sides of the account, were made, down to December 22d, 1843, when the book appears to have been balanced and a credit in favor of Reed appears of $1575 23.

The next entry on the debit side is January 8th, 1844, and also on the credit side on the same date.   Different entries, on different dates and on both sides of the account, were made, down to January 31, 1844, when a balance was struck, which was $1162 86, in favor of Reed.   The next entry on the debit side was February 2d, (year not stated) and different entries were made on different dates, on the debit side of the account, down to February 13th, 1844.   On the credit side, the last balance of $1162 86, was carried forward, and at the last named date, the debits footed at $360 85, and the credits at $1162 86, leaving a balance of $802 01.

This was all the evidence in the case, and, thereupon, the defendant, by his counsel, asked the court to give the following instructions, viz :

1. There is no evidence upon which the jury can rightfully find for the plaintiff on the amended count.

2. There is no evidence that the defendant, Hoyt, assented to the transfer of any of the liabilities of A. W. Sterling and Eckley, or either of them, to the firm of which he, the defendant, became a member.

19—VOL. XVI.

Which were refused by the court, and to the refusal thereof defendant at the time excepted. The court gave the following instructions, at the instance of defendant, viz :

1. If the jury find that the item of $193, credited on the book of plaintiff, was merely a balance in favor of Reed, due from Sterling to Reed, and not a deposit, then the defendant, Hoyt, is not liable for it, unless he assented to it, as a charge against the firm of which he was a member.

2. If the jury find that the item of $193, entered to the credit of Silas Reed, was the private debt of Sterling, the defendant, Hoyt, is not liable for it, unless he assented to the entry as a charge on the firm.

3. The plaintiff cannot recover against the defendant, Hoyt, under the first two counts, for any money deposited by the plaintiff with A. W. Sterling, or A. W. Sterling & Co., before said Hoyt became a partner.

4. The plaintiff is not entitled to recover against Hoyt, under the first two counts, for any balance due to the plaintiff from A. W. Sterling & Co., before the said defendant became a partner.

5. The plaintiff is not entitled to recover against Hoyt, under the amended count, unless it is proven to their satisfaction that there was a balance due from A. W. Sterling & Co., before said Hoyt became a partner, and that it was a part of the agreement between said Sterling and Hoyt, that the said Hoyt, in consideration of his being taken into the firm of A. W. Sterling & Co., should pay the same.

The verdict was for the plaintiff. Within the time prescribed by the rules of the court, defendant filed his motion for a new trial, assigning the usual reasons. The court, in disposing of said motion, stated to plaintiff, that if he would remit the item of $193 and the interest thereon, amounting to $268 27, the court would allow the verdict to stand. Plaintiff thereupon entered a *remittitur*, for $268 27, and the court overruled said motion. To which overruling defendant at the time excepted,

and thereupon sued out his writ of error, and brings his case to this court.

*Todd & Krum*, for plaintiff in error.

1. The court below erred in refusing to give the first and second instructions asked by the defendant, Hoyt.

2. The court below erred in refusing to grant a new trial.

3. The plaintiff below, by his amended declaration, predicated his right to recover on a special agreement, to-wit, that Hoyt, in consideration that Sterling would admit him into his business as a partner, promised to pay the plaintiff the money sued for, &c. There was no testimony proving, or tending to prove any such undertaking on the part of Hoyt. Nothing of the kind was pretended on the trial below. The case stands, therefore, upon the money counts of the plaintiff's declaration. The testimony is not sufficient to entitle the plaintiff to recover, under either of the counts in his declaration.

*A. H. Buckner*, for defendant in error.

1. There is no question before the court as to the admissibility of testimony, as no objection was made to any evidence offered.

2. The court did not err in refusing to give the first two instructions asked by defendant. There was evidence to go to the jury as to Hoyt's assent to the transfer of the liabilities of Sterling & Eckley, to that of Sterling & Hoyt, and there was no error in the refusal of the court to instruct the jury as asked by defendant, and thereby take the whole case from the jury.

3. All the other instructions given by the court were prayed for by defendant.

Those in relation to the item of $193, if disregarded by the jury, do not entitle the defendant to a reversal of the judgment, inasmuch as the plaintiff entered a *remittitur* for that sum and interest.

4. The fifth instruction presented the law fairly to the jury, and the jury having found the facts to be that it was a part of the agreement between Sterling & Hoyt, that the latter

should pay the balance due plaintiff, in consideration of Sterling's taking Hoyt in as partner, this court will not interfere with the finding of the jury.

GAMBLE, Judge, delivered the opinion of the court.

In this case, the plaintiff, Reed, asked no instructions, and all asked by the defendant, Hoyt, except two, were given by the Circuit Court. The two refused were, *first*, that there is no evidence upon which the jury can rightfully find for the plaintiff on the amended count ; *second*, that there is no evidence that the defendant, Hoyt, assented to the transfer of any of the liabilities of A. W. Sterling & Eckley, or either of them, to the firm of which the defendant became a member.

1. The ground taken in support of the first instruction is, that the amended count averred that deposits had been made by plaintiff with A. W. Sterling, and that the defendant, in consideration of being admitted by Sterling as partner, agreed to pay the amount to plaintiff. The fact appeared to be that the deposits were made with Sterling & Eckley, as the firm of Sterling & Co. The evidence showed that Eckley went out of the concern about the last of December, or the first of January, and that the defendant came in about the 8th of January. This change in the members of the firm made no change in the business of the concern, and the bank book, held by the plaintiff during the time Eckley was a partner, was used as if no change had taken place. The account in it, both on the debit and credit side, was continued on, and balances were, from time to time, struck, as well before, as after the defendant became a partner. The account in this book was but a transcript of the ledger of the concern. Before the defendant came in, as partner, he was observed with Sterling and another person, in a back room, examining the books of the concern.

Although the deposits, made by plaintiff, were made when Eckley was a partner of Sterling, yet, when he went out of the concern, in December, or the first of January, the business of the concern remaining unchanged by his leaving it, the money of the plaintiff, thus deposited, continuing in the busi-

ness, as conducted by Sterling alone, might well be averred to be money deposited with Sterling, when that deposit was to be the consideration of defendant's contract, and so there was no material variance.

2. The second instruction was also properly refused, for when the plaintiff produced his book, which showed his account, commencing before the defendant came in, as a partner, and running down after he came in, with balances struck after that time, and when it was shown that this account, so kept, was but a transcript of the ledger of the concern, the court could not, with propriety, say there was no evidence that the defendant had assented to the transfer of the liabilities of the old to the new firm.    The evidence was the same in substance, as producing the books of the concern, of which the defendant is a partner, and using the entries in those books, to prove an indebtedness to plaintiff.    The case was fairly left to the jury and the judgment will not be disturbed upon any review of the evidence.

3. The court below, ascertaining, by calculation, that the verdict must include an item for which the defendant was understood to be not liable to plaintiff, declared an intention to grant a new trial, unless the amount of that item was remitted by the plaintiff.    It was remitted and the motion for a new trial was overruled.    There was nothing wrong in this practice.

This court has allowed a *remittitur* to be entered here, to avoid a reversal of the judgment below, where it has appeared that the recovery has been for more than the plaintiff claimed by way of damages in his declaration.    *Johnson* v. *Robertson*, 1 Mo. Rep. 615.

The judgment, with the concurrence of the other judges, is affirmed.