WOOD & WOOD, Respondents, *vs.* THE STEAMBOAT FLEET-
WOOD, Appellant.

1. An uncertified deposition may be read in evidence, after the death of the witness, upon the testimony of the officer that the deposition was regularly taken.
2. An allegation in a petition, not material to the plaintiff's right of action, is not admitted by a failure to deny it in the answer. Thus the value of an article for which a plaintiff seeks to recover is not admitted if not denied.
3. An inconsistent instruction is erroneous.

*Appeal from St. Louis Court of Common Pleas.*

This was an action against a boat for the non-performance of a contract of affreightment. The petition stated that the plaintiffs shipped on board of the boat, at Pittsburgh, 190 sacks of malt, which the master contracted to deliver to the consignees at St. Louis, for a freight of thirty cents a hundred; and that the master had failed to deliver the same, although the consignees had tendered the amount of the freight. The defendant answered that the freight agreed upon was forty cents a hundred, and that he only retained the malt because the consignees refused to pay this rate of freight. The answer contained no denial of the value of the malt. The deposition of William Wood was taken for the plaintiffs in Pittsburgh, and suppressed before the trial, because improperly certified. At the trial, the deposition of Parkinson, the officer who took the deposition of Wood, was read in evidence. He testified that he was an alderman and ex-officio justice of the peace, and that the deposition of Wood was taken at the office of the plaintiffs, on the 21st of June, 1851; that the deponent was sworn to testify the whole truth of his knowledge touching the matters in controversy in the cause, was examined and cross-examined, and that his deposition was reduced to writing in his (Parkinson's) presence, and subscribed by said Wood; and that Wood had since died. The plaintiffs were then permitted to read in evidence the deposition of Wood, the defendant ob-

jecting. Wood testified that he was the plaintiffs' drayman, and delivered the malt on board of the boat, and received a dray ticket, which he produced, signed by the clerk of the boat, in which the freight was put down at thirty cents a hundred. At the close of the evidence, the court gave several instructions, the third of which asserted that the value of the malt, not being denied in the answer, was admitted to be as stated in the petition. The fourth instruction is set out in the opinion of the court. There was a verdict and judgment for the plaintiffs.

*J. A. Kasson,* for appellant. 1. The court erred in admitting the deposition of Wood, accompanied by that of Parkinson. 2 Yeates, 232 (note.) 2. The court erred in instructing that the answer admitted the value of the malt, which was not specifically alleged in the petition, but only by way of recital.

*Leslie & Barrets,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

1. The point taken by the appellant, in regard to the admission of the deposition of Parkinson and Wood is, in the opinion of this court, not tenable. The deposition of Wood was suppressed before, because the certificate of the justice was not in accordance with the statute law. It was withdrawn, and the justice before whom it was taken, identifies it in his own deposition, properly taken and certified, stating the death of the deponent, Wood. It may be considered as a part of Parkinson's deposition; it was taken between the parties, properly, but it lacked the certificate. Now being a deposition of a witness in the same cause, between the same parties, good, so far as the facts are stated, good, so far as the witness himself is concerned, only lacking the formal certificate of a third person, we conceive the court below properly admitted it, after proof of the death of the witness. The cases cited from Yeates, do not bear out the views of the counsel. The board of property

was no court—had no power to administer the oath to a witness. In the case in the note, from all that appears, the deposition of the deceased witness, taken before the referees, may have been rejected upon the same ground. The referees, under the order, may not have had power to swear witnesses. See 2 Yeates, 232.

2. In regard to the instructions, in the opinion of this court, the court below erred in the third instruction. That instruction informs the jury, that the answer of the defendant admits the value of the malt to be eight hundred and five dollars. This is obviously given under the new code of practice. In our opinion, the allegation, to be taken as admitted, must be a material one, and it must be so stated in the petition, as to bring to the mind of the defendant the importance of it in the trial of the cause; then, if the defendant fails to deny it in his answer, it may be taken as confessed; but here, the sum of eight hundred and five dollars, as the worth of the malt, was not a material matter to the action; the action could have been as well supported if the malt had been worth but four hundred dollars, or any other sum. Some value must be set forth, but that particular value, as set forth, need not be proved; a less or a greater value will, on proof, support the petition. The court, then, erred in this instruction.

3. The first instruction given by the court, of its own motion, marked number four on the record, is also erroneous; it is repugnant on its face. This instruction has two clauses. It is as follows: "The dray ticket, marked "A," in question, is not conclusive evidence that the rate of freight therein named was the stipulated rate agreed upon. But if the defendant has shown that it did not express the actual contract made, it does not bind the defendant; it is open to explanation. But if said dray ticket was signed by the authorized agent of the defendant, then the price of freight therein named is the contract price, and the defendant is bound thereby." It needs but to be carefully read, to see its repugnancy; the two clauses ex-

pressing different and inconsistent views of the same matter. This instruction should not have been given. Its tendency was anything else than to instruct or assist the jury in forming a proper conclusion in the premises. The judgment of the court below will be reversed, and the cause remanded, the other judges concurring.