FIELD, Defendant in Error, v. BARR, Plaintiff in Error.

1. Allegations of value in a petition are not admitted by a failure on the part
   of the defendant to deny them in an answer, or by a default; they are not
   material traversable allegations.

*Error to St. Louis Court of Common Pleas.*

The following is the petition in this case: " Plaintiff
states that defendant owes him three hundred and twenty-

five dollars on account of thirteen gravel train or construction cars left by plaintiff with defendant, in May, 1854, for safe keeping. Plaintiff states afterwards defendant sold said cars and received the proceeds, to-wit, the amount above stated, which he has not accounted for, although demanded; that the same were worth said sum; and therefore he asks judgment."

Judgment by default was rendered against the defendant. The cause coming up for an inquiry of damages, the court instructed the jury that "the defendant having failed to answer the plaintiff's petition, the plaintiff is entitled to a verdict for the amount of the proceeds of the cars as stated in the petition, without any other proof, and also interest on that amount from the commencement of this suit."

*N. Holmes*, for plaintiff in error.

I. The court instructed the jury erroneously. (Robinson v. Lawson, 26 Mo. 69; Wood v. Steamboat Fleetwood, 19 Mo. 530; Arnold v. Palmer, 23 Mo. 411; 18 Mo. 396; 11 Mo. 10.)

*Shreve*, for defendant in error.

NAPTON, Judge, delivered the opinion of the court.

The instruction given in this case was erroneous. The defendant did not admit the value of the railroad cars, or the amount of money received from their sale. These allegations of value are not what are termed traversable, so as to conclude the opposite party if not answered. It was so held in the case of Wood v. Steamboat Fleetwood, 19 Mo. 531, and in a case where there was an answer and no denial of the allegation therein. *A fortiori*, it must be so where a default is taken for want of an answer.

Judgment reversed and cause remanded; the other judges concur.