M. D. L. McCord, Respondent, v. Doniphan Branch Railway Company, Appellant.

St. Louis Court of Appeals, February 23, 1886.

1. Trespass—Damages—Pleading.—In an action for damages for trespass in digging and carrying away earth from the plaintiff's land, the plaintiff is entitled to nominal damages only, under an answer which, after a general denial, admits the taking, pleads a license, but does not admit any amount of damage.

2. Pleading—Confession and Avoidance.—The confession of a defendant who denies, and, at the same time, confesses and avoids, will be taken as true, if he fail to prove the matter in avoidance.

3. ———— Trespass—Railroads—Negligence.—In an action against a railway company for taking and injuring land outside of its right of way, the petition need not allege that the acts were negligently done.

4. Railroads—Right of Way—Waste—Contracts.—A grant to a railway company of a right of way across land, with the privilege of "borrowing or wasting earth in the construction and operation of the railway," does not give the right to waste the land outside the right of way by heaping earth upon it.

5. Practice—Waiver—Motion for New Trial.—An exception not renewed in the motion for a new trial is waived.

Appeal from the Ripley County Circuit Court, John G. Wear, Judge.

*Reversed nisi.*

George H. Benton, for the appellant: The admission in the first count of a voluntary grant of the right of way implies the grant of everything necessary and proper to the construction of the railway, including even the alleged violation of plaintiff's proprietary rights set up in the petition. Rev. Stat., sect. 765 ; Pierce on Railroads, 132–134 ; Redf. on Railroads (5 Ed.) 235 ; *Babcock v. Railroad*, 9 Met. 553 ; Rorer on Railroads, 513 ; *Railroad v. Ruggles*, 7 Ohio St. 1 ; *Harrison v. Railroad*, 9 B. Mon. 470 ; *Munkers v. Railroad*, 60 Mo. 334. The second instruction refers the jury to the pleadings to find the issues, and the allegations of the petition so referred to are broader than the proof. *Remmeler v. Shenuit*, 15 Mo. App. 192 ; *Edelman v. Transfer Co.*, 3 Mo. App. 505.

Dryden & Dryden, with Thomas Mabrey, for the respondent : Errors not complained of in the motion for a new trial will not be reviewed on appeal. *Holladay v. Langford*, 13 Mo. App. 594 ; *Hildreth P. Co. v. Stokes*, 14 *Id.* 591 ; *Dailey v. Singer Man'f'g Co.*, 14 *Id.* 597.

Thompson, J., delivered the opinion of the court.

This was an action for damages alleged to have been done to the plaintiff's land by the defendant in constructing its railroad over the same. The petition contained two counts. The first asked damages in the sum of one hundred dollars, for digging up and carrying away from the plaintiff's land a large quantity of earth outside of the right of way which had been granted and voluntarily conveyed to the defendant. The second demanded one hundred dollars damages for taking and carrying away large quantities of earth outside of the defendant's right of way, and piling the same on cleared and fenced land of the plaintiff, so as to prevent the cultivation of the same. The answer was first a general denial, and then a separate answer to each count of the petition.

There was a trial before a jury, and a verdict for the plaintiff in the sum of one hundred dollars under the first count, and thirty dollars under the second count.

I. The first point made by the appellant is that the petition states no cause of action. This contention is predicated upon the admission in the petition that the plaintiff had voluntarily granted to the defendant a right of way over the land in question, and that the petition fails to allege that the acts complained of were negligently and improperly done, or were unnecessary to the construction of the defendant's railroad. It is too plain for argument that there is nothing in this point. The petition admits the granting of a right of way to the defendant; but the damages claimed in each count are for injuries to the land outside of the right of way. There is nothing in section 765, Revised Statutes, which justifies a railway company in taking or injuring land outside of its right of way, without making just compensation to the owner, although such taking or injuring might be necessary to the proper construction of its railway; and if there were such a statute, it would be unconstitutional. Const. Mo., art. 2, sect. 21.

II. The next point made by the appellant is that the court erred in the first instruction given to the jury, which was as follows: "The court instructs the jury that the plaintiff, from the admission of the defendant, is entitled to judgment for the amount of damages by the plaintiff alleged, to-wit, the sum of one hundred dollars in the first count." This manifestly refers to the admission contained in the answer to the first count in the petition, which was as follows: "For a further answer and defence to plaintiff's first count in his said petition, defendant alleges that plaintiff, for a good and valuable consideration, by deed, did give, grant, sell, relinquish, and convey to defendant the right of way over and across the lands in plaintiff's petition described of one hundred feet in width, with the power and authority and right of increasing the width for necessary slopes

and embankments and turnouts, and the additional right of borrowing or wasting earth or stone for the purpose of constructing said road-bed of defendant, over, through, or upon any tract of land belonging to plaintiff; that, under the power and authority so granted by said deed, defendant constructed and built its road-bed over and across the land in question, and took whatever earth was necessary for the same, so granted by plaintiff, and for which plaintiff received full and adequate compensation; wherefore defendant asks for judgment on said first count."

We are of opinion that this ruling was erroneous. It is true that it is a principle of pleading under our code that the defendant can not deny and at the same time confess and avoid the allegations in the petition. *Atteberry v. Powell*, 29 Mo. 429; *Coble v. McDaniel*, 33 Mo. 363; *Adams v. Trigg*, 37 Mo. 141; *Darrett v. Donnelly*, 38 Mo. 492. As his pleading is taken most strongly against himself, if, after a denial, he confesses and avoids, his confession will be taken as true, and under it, the plaintiff will be entitled to a verdict for *some* damages, unless the defendant prove the matter of avoidance. But in such a case the plaintiff will not, upon the mere admission contained in the pleading, be entitled to recover more than nominal damages, unless the pleading in terms admits the value or damages which the plaintiff claims, or some other value or damages. Here the first count of the answer admits no damages in any amount. The plaintiff's position is, therefore, no better than it would be on an inquiry of damages after a default, in which case it is well settled that damages must be proved. *Wood v. Steamboat*, 19 Mo. 529; *Field v. Barr*, 27 Mo. 416. As no evidence was offered by the plaintiff in support of the first count of the petition, no basis was afforded, either by the pleadings or evidence, for the instruction that the plaintiff was entitled to recover the sum of one hundred dollars under the first count, and the judgment must be reversed because of the giving of

this instruction, unless this amount is remitted as hereinafter stated.

III.   Under the second count, there was substantial evidence to the effect that the defendant, in constructing its railway, had so piled dirt upon the plaintiff's land, outside of its right of way, as to render valueless five or six acres of it, and that it was worth four or five dollars per acre.   The verdict under this count was thus warranted by the evidence.   But it is objected that the second instruction, given at the request of the plaintiff, was erroneous.   This objection can not be considered, because, in the motion for new trial, complaint is made of the plaintiff's first instruction, only.   Upon a well settled rule of practice, all exceptions, not brought to the attention of the trial court in a motion for a new trial, are deemed waived.   *Holladay v. Langford*, 13 Mo. App. 594; *Hildreth Printing Co. v. Stokes*, 14 Mo. App. 591.

IV.   The defendant requested and the court refused three instructions.   The second of these need not be considered, because it related to the cause of action stated in the first count of the petition, in support of which, as already stated, there was no evidence.   The first and third were as follows :

"1.   The court instructs the jury that if they find and believe from the evidence, that the plaintiff conveyed by deed to defendant the right of way over, upon, and across this land in controversy, then they will further find that the defendant had the right to pile waste dirt upon the land adjoining the right of way, if necessary to the proper and safe construction of the railroad of defendant ; and in deciding this question the jury may take into consideration the expense it would have been on defendant to have carted the waste dirt off."

"3.   The court instructs the jury that if they find and believe from the evidence that the plaintiff in this cause gave to the defendant the right to construct a railroad over, upon, and across the land in controversy, and, also, the right of increasing the width of the right of

way, and the further right of borrowing or wasting earth and stone therein, then they must find the issues for the defendant."

Whether the defendant had a right to these instructions depends upon the terms of the deed of the plaintiff and wife to the defendant, granting the right of way. It recites that the plaintiff and wife "for and in consideration of one dollar to us in hand paid, the receipt whereof is hereby acknowledged, and for divers other good and valid considerations hereunto moving, do hereby give, grant, sell, relinquish, and convey to Doniphan Branch Railway Company the right of way, one hundred feet in width, the centre line thereto to be the center of the road-bed of said railway, as the same may be finally located, with the right of increasing the width of said one hundred feet for the necessary slopes and embankments and turnouts, and with the right of changing the line of said railway, or the grades thereof, at any time hereafter, and with the right of changing water courses, and with the right of felling any trees standing outside of said one hundred feet, which might endanger the said railway or its trains, and the right of taking a supply of water, and of borrowing or wasting earth and stone in the construction or operating the railway of said company."

There was no evidence that it became necessary in this case for the defendant to increase the width of the one hundred feet right of way granted, for any necessary slopes, embankments, or turnouts. The evidence merely was that, in excavating for its road-bed, it dumped the dirt taken out upon the plaintiff's land on both sides of its right of way, injuring it as stated. The right to do this can not be deduced from the terms of the grant; and the argument that the grant carries such a right by implication is preposterous. If the defendant would render valueless a single acre of the plaintiff's land outside of

the quantity granted by him to it, by using it as a dump-
ing ground, in order to save a little expense to itself, it
could, with an equal claim of right, render valueless his
whole farm.    Complaint is made that the trial court
treated the defendant as a trespasser *ab initio*.    When
the defendant, not content with the land that the plain-
tiff had given to it, went outside of the tract without his
permission, and destroyed other land, it became a tres-
passer *ab initio*.

If the plaintiff will remit, within twenty days, the
sum of one hundred dollars, awarded by the jury under
the first count, the judgment will be affirmed as to the
residue ; otherwise, it will be reversed and the cause re-
manded. It is so ordered. Rombauer, J., concurs ; Lewis,
P. J., is absent.