| 26 | 431 |
|----|-----|
| 48 | 169 |
| 26 | 431 |
| 54 | 420 |
| 115m | 495 |
| 26 | 431 |
| 60 | 69 |
| 26 | 431 |
| 76 | 619 |
| 26 | 431 |
| 172s | s218 |

JESSE RAY, Respondent, v. A. P. THOMPSON, Appellant.

Kansas City Court of Appeals, May 23, 1887.

1. TRESPASS—CONSTRUCTION OF SECTION 3922, REVISED STATUTES—PROBABLE CAUSE, ETC.—CASE ADJUDGED.—In an action under section 3922, Revised Statutes, it will not avail defendant to show facts tending to prove that he had "probable cause" to believe that the land was his own, etc., if, *notwithstanding* these facts, it appears that he had received *notice in writing* of the plaintiff's *claim* to the possession of the land, contrary to such facts. Under such circumstances, he could not, in the meaning of the statute, be held to have had *probable cause* to believe that he had the right to the possession of the land at the time of the trespass.

2. PRACTICE—EXCESSIVE VERDICT—REMITTITUR.—In the case of an excessive verdict, the jury assessing the damages at a sum not warranted or justified by the evidence, it is proper for the trial court to permit the plaintiff to enter a *remittitur*.

3. ——— EXCEPTIONS NOT BROUGHT UP IN MOTION FOR NEW TRIAL. All *exceptions* not brought to the attention of the trial court in a motion for *new* trial, are deemed waived. The ground of *excessive damages*, as a cause for new trial, is not embraced in the assignment that the verdict is not "sustained by sufficient evidence," or "is contrary to law."

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Affirmed.*

Statement of case by the court.

This was an action for trespass, under section 3922, Revised Statutes, against the defendant for entering plaintiff's premises and voluntarily throwing down plaintiff's fences, etc. The plaintiff introduced in evidence defendant as a witness, who testified that he bought the land in controversy in September, 1885, of Phillips, and that, in October or November following, he had the fences around the land torn down and the streets graded

through the land, and that, before the fences were thrown down, he received a notice from the plaintiff's attorney, in writing, stating that plaintiff claimed the right to hold the land under a lease till the first of March following. The defendant, on cross-examination, and afterwards, offered to testify to what Phillips, his vendor, said to him as to when the plaintiff's lease would terminate. The court sustained an objection made by plaintiff to the offer of such evidence. But afterwards Phillips, himself, testified on behalf of defendant to what he told the defendant in relation to the matter. According to the statement thus made by Phillips, the plaintiff's lease had terminated before the defendant had committed the acts complained of.

The jury found a verdict against the defendant, and assessed the plaintiff's damages at the sum of sixty-five dollars. Upon the verdict the court rendered judgment against the defendant for the sum of five dollars and double the amount of damages assessed by the jury, the judgment being in the aggregate for the sum of one hundred and thirty-five dollars. The sum of five dollars was adjudged against the defendant on account of the verdict of guilty against him by reason of section 3922, which provides for the payment of five dollars and double damages to the injured party by one guilty of its provisions. The highest amount of damages which the evidence tended to show that the plaintiff had sustained was the sum of forty-five dollars. In due time the defendant filed a motion for a new trial, assigning as grounds thereof, among other grounds, the following: (1) The verdict is not sustained by the evidence, and (2) said verdict is contrary to the law and the evidence. Afterwards the plaintiff, by permission of the court, remitted fifty dollars of the judgment, reducing it to the sum of eighty-five dollars.

L. C Slavens, for the appellant.

1.   This action was begun under section 3922, sec-

tion 3923, and *section 3924*, of the Revised Statutes of Missouri, 1879, p. 669. The last section above named is as follows : "Section 3924. Single damages to be recovered, when.—On the trial of any action or prosecution brought upon this statute, if it shall appear that the defendant had probable cause to believe that the land on which the trespass is alleged to have been committed, or that the thing so taken, carried away, injured or destroyed was his own, the plaintiff in the action, or prosecution, shall receive *single damages* only, with costs." I claim that the court erred (1) In refusing to allow the defendant to testify as to what Phillips told him about Ray's lease ; when it was to terminate, etc., as bearing upon the question whether defendant had probable cause to believe the property was his own, when he had the fences torn away and streets graded. (2) In refusing to grant a new trial.

II.    It seems to have been conceded that the verdict was *contrary to the law* and the evidence, and not sustained by any evidence, and plaintiff was allowed to enter a *remittitur* of fifty dollars. This did *not cure the error*, and a new trial should have been granted notwithstanding the *remittitur.* · *Koeltz v. Bleckman*, 46 Mo. 320. The verdict was a palpable, flagrant disregard by the jury of their oaths to try the case according to the law and evidence, and is *no verdict at all*.

III.    As to the error of the court in excluding the testimony of the defendant bearing upon the question of his having reasonable cause to believe the property was his own, when he had the fences removed, the mere *statement* of the proposition is all that is needed.

Charles B. Adams and Adams & Field, for the respondent.

I.    There is nothing in the *first* point raised by appellant. The testimony excluded was clearly *incompetent*, and properly excluded. Even if there was error in

so excluding, it was, afterwards, *cured* by the testimony of another witness, who disclosed fully the conversation first excluded.

II. The question of *probable cause* was fairly presented and considered by the court. Defendant *admitted* that he *received notice* of plaintiff's rights, and no claim was made that he acted in ignorance of those rights. The *want* of probable cause was shown by defendant's own admissions.

III. The appellate court will *not consider* grounds of objection not *specifically stated in the motion* for a new trial. "All motions shall be accompanied by a written specification of the reasons upon which they are founded, and *no reason not so specified shall be urged in support of the motion.*" Rev. Stat., 1879, sect. 3557, p. 608. The objection that "the damages are excessive" was not specifically raised by defendant, in his motion for a new trial. "The ground of excessive damages, as a cause for a new trial, is not embraced in the assignment that the verdict is not sustained by sufficient evidence," or "is contrary to law." *Spurner v. Briggs,* 17 Ind. 529; *Carver v. Thornhill,* 53 Mo. 283; *Cowen v. Railroad,* 48 Mo. 556; *Saxton v. Allen,* 49 Mo. 417; *Hulett v. Nugent,* 71 Mo. 131; *Vineyard v. Matney,* 68 Mo. 105; *Brady v. Connelly,* 52 Mo. 19; *McClain v. Dibble,* 13 Bush (Ky.) 297; *Coleman v. Gilmore,* 49 Cal. 340; *Hill v. Weisler,* 49 Cal. 147.

IV. If the damages were excessive, the error was cured by the *remittitur* entered by plaintiff. The amount remaining, after the *remittitur,* was supported by the weight of the evidence. It was the province and duty of the court to allow plaintiff to remit the excess of damages, in order to save the expense and delay of further litigation. *Interest rei publicæ ut sit finis litium.* This is the well-established practice in this state, being settled by a long line of decisions. See *Hoyt v. Reed,* 16 Mo. 294; *Johnson v. Robertson,* 1 Mo. 615; *McAllister v. Mullanphy,* 3 Mo. 38; *Hahn v. Sweazea,* 29 Mo.

199; *Walser v. Thies*, 56 Mo. 89; *Waldhier v. Railroad*, 87 Mo. 37; *Kimes v. Railroad*, 85 Mo. 611; *Buse v. Russell*, 86 Mo. 209. This practice prevails, also, in New York, Indiana, and other states. See *Sears v. Conover*, 4 Abbott (N. Y.) App. Dec. 179; *Hill v. Newman*, 47 Ind. 187; *James River Co. v. Adams*, 17 Grat. 427; *Manson v. Robinson*, 37 Wis. 339; *Steadman v. Simmons*, 39 Ga. 591.

V. The question as to *double damages* was not before the jury; that was a matter to be *determined by the court*, after verdict; hence, the *exclusion of alleged evidence* as to probable cause, before the jury, was not error. In *Koeltz v. Bleckman* (46 Mo. 320), the verdict *exceeded the amount claimed* in the petition; hence, held bad. Such is not this case.

## I.

HALL, J.—The defendant complains of the action of the circuit court, in refusing to permit him to testify to the statement made to him by his vendor, Phillips, as to when the plaintiff's lease of the land would expire, on the ground that such evidence was competent to show that he had probable cause to believe that he was, at the time of the trespass, entitled to the possession of the land, and that plaintiff's lease had expired.

The defendant's objection is based on section 3924, Revised Statutes, which provides that, in an action of this kind, "if it shall appear that the defendant had probable cause to believe that the land on which the trespass is alleged to have been committed, or that the thing so taken, carried away, injured, or destroyed, was his own, the plaintiff in the action, or prosecution, shall receive single damages, only, with costs."

The jury do not pass upon the question of probable cause; that question is for the court. The facts to which the defendant was not permitted to testify were testified to by Phillips, and his testimony was not contra-

dicted. The court must have considered those facts as admitted, but it held that, notwithstanding the statement made by Phillips to the defendant, inasmuch as the defendant admitted that he had received notice, in writing, of the plaintiff's claim to the possession of the land, contrary to said statement, till the following March, he could not, in the meaning of the statute, be held to have had probable cause to believe that he had the right to the possession of the land at the time of the trespass.

Having had notice of the plaintiff's claim, the court held that the defendant acted at his peril when he entered the land. In so holding, the court held correctly. Thus, no harm was done the defendant by the court denying his offer to give such testimony.

## II.

The defendant argues that, because the verdict exceeded in amount the amount authorized by any evidence, the verdict was unsupported by the evidence, and should have been set aside and a new trial granted, and that the fault in the verdict was not cured by the *remittitur* of so much of the judgment sum twice in amount (the judgment having been doubled by the court) of that which the jury might have found in their verdict, under the evidence.

It is true that, in the case cited by defendant (*Koeltz v. Bleckman*, 46 Mo. 320), where the verdict of the jury exceeded the amount claimed by the plaintiff in his petition, and where the plaintiff, by leave of the circuit court, entered a *remittitur*, reducing the judgment to a sum within the amount so claimed in the petition, the supreme court held that the verdict was bad, and was not cured by the *remittitur*. That case, however, was decided on its peculiar facts, as a reading of the opinion will disclose, and was based upon the glaring misconduct of the jury, in paying no attention to the law or the evidence, and the unmistakable fact "that

the defendant's side of the case was never considered by the jury," on account of which the court said : "and to allow the judgment to stand, by virtue of the *remittitur*, is really permitting the plaintiff to make his own verdict." In this case, there is nothing of the kind.

This case is, very clearly, nothing more than the common case of an excessive verdict; of the jury assessing the damages at a sum not warranted or justified by the evidence. In such case it was proper for the circuit court to permit the plaintiff to enter a *remittitur*. This is abundantly shown by the authorities cited in plaintiff's brief.

We are not called upon to determine whether the verdict, notwithstanding the *remittitur*, is still excessive. All exceptions not brought to the attention of the trial court, in a motion for a new trial, are deemed waived. *McCord v. Railroad*, 21 Mo. App. 96. That the damages were excessive was not assigned as a ground of the motion for a new trial. "The ground of excessive damages, as a cause for a new trial, is not embraced in the assignment that the verdict is not sustained by sufficient evidence," or "is contrary to law." *Spurner v. Briggs* 17 Ind. 529.

Judgment affirmed. All concur.