THE MIDDLETON GROCER COMPANY, Appellant, v. JOHN C. DAY, Sheriff, Etc., Respondent.

St. Louis Court of Appeals, May 23, 1893,

Practice, Appellate: REVIEW OF ERRORS NOT SAVED BY MOTION FOR NEW TRIAL. When the appellant's motion for new trial is based wholly on alleged error in the exclusion of evidence, this court will not consider rulings of the trial court on instructions, nor the claim that the verdict is against the law and the evidence.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*James W. Silsby* and *J. A. Frink,* for appellant,

*Sebree & Tatlow,* for respondent.

Neither of the four errors assigned by the appellant for the reversal of the judgment in this cause was brought to the attention of the trial court by its motion for a new trial, nor even hinted at therein, and for that reason they can not now be considered in this court. *Bacon v. Perry,* 25 Mo. App. 73; *Ray v. Thompson,* 26 Mo. App. 431; *Brady v. Connelly,* 52 Mo. 19; *Acock v. Acock,* 57 Mo. 154; *Curtis v. Curtis,* 54 Mo. 351; *Ward v. Quinelvine,* 65 Mo. 453; *McCord v. Railroad,* 21 Mo. App. 96; *German Savings Inst. v. Jacoby,* 97 Mo. 617; *Railroad v. Carlisle,* 94 Mo. 166; *Klotz v. Perteet,* 101 Mo. 215.

BOND, J.—This is an action of replevin for the possession of goods held by the sheriff under writs of attachment against one J. A. Bilyeu. There was a

trial before the court sitting as a jury and a verdict and judgment in favor of respondent, from which this appeal was taken.

The errors assigned are: *First*. The judgment is against the law.   *Second*. It is against the evidence. *Third*. The instruction of the court is wrong.   *Fourth*. The instruction asked by appellant ought to have been given.

Appellant's motion for a new trial is as follows:

"Comes now plaintiff and moves the court for a new trial of this cause, and states for reasons therefor that the court erred in not admitting proper evidence offered; and the court further erred in admitting improper evidence."

This motion in terms excludes each of the four errors now assigned.   They are not, therefore, reviewable on appeal.   *Ray v. Thompson*, 26 Mo. App. 431–437; *Klotz v. Perteet*, 101 Mo. 215–217; *McCord v. Railroad*, 21 Mo. App. 96.   Hence there is nothing before us for review.

The judgment herein is affirmed.   Judge BIGGS concurs.   Judge ROMBAUER is absent.