WILLIAM ELLIS, Respondent, v. MACKIE CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals, December 18, 1894.

Practice, Trial: RIGHT OF TRIAL COURT TO EXACT REMITTITUR. When a verdict is deemed excessive, but it is not so grossly excessive as to indicate bias on the part of the jury, the trial court may properly exact a *remittitur* as a condition to the overruling of the motion of the defeated party for a new trial.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Mills & Flitcraft* for appellant.

*E. W. Banister* for respondent.

ROMBAUER, P. J.—This action is brought to recover the profits which plaintiff would have made on a building contract, but for its wrongful termination by the defendant. The testimony was conflicting whether the contract was made, and what plaintiff's profits would have been, if he had been permitted to perform it; there was, however, substantial evidence tending to show

that the plaintiff entered into the contract in question with the defendant, and that plaintiff's profits would have been as much as $467.50, which was the amount of the verdict of the jury in plaintiff's favor. The defendant complains on this appeal of the admission of illegal evidence against him, and of the action of the court in not sustaining his motion for new trial unconditionally, but overruling it on condition that plaintiff would remit $100 of his recovery, and of the court's action in entering a judgment upon the verdict, less the *remittitur*.

The plaintiff is a plasterer, and the contract in question was one for plastering the defendant's house. Upon the trial the plaintiff was permitted to show in his examination in chief, without objection, that he had hauled to the house a lot of scaffolding and material before he was stopped by the defendant from going on with the work. On cross-examination the plaintiff was asked whether he did not tell the defendant that he would let him off for $100 after the difficulty arose, to which he replied that he did tell the defendant: "If you will settle this thing now and give me a hundred dollars, I will settle it and go out of it, rather than be in a fight." On re-examination the plaintiff was asked by his counsel: "What did you base this one hundred dollar offer on at that time; what were you wanting a hundred dollars for?" To which the plaintiff replied: "I was wanting a hundred dollars for the trouble I had been to there at that time." He was then asked: "State to the court and jury how much it cost you there for what you did." This question was objected to, and, the objection being overruled, the defendant excepted. The plaintiff answered: "I think I was out about $110 or $115.

Plaintiff's counsel avers that it was competent for him to show that the one hundred dollar offer of settle-

ment, which the defendant's counsel had drawn out on cross-examination of the plaintiff, was not based on the estimate of any prospective profits, but on actual expenses incurred by the plaintiff, which would be lost to him if he was not permitted to complete his contract. In that view of the evidence plaintiff contends the objection was properly overruled. There is unquestionably good ground for that view, as the evidence has a tendency to show that the plaintiff's offer to take $100 in full was an offer to buy his peace, and in no sense an estimate of his probable profits on the job. That the jury could not have been misled by the ruling of the court in admitting this evidence is evident, since the court at the instance of the defendant instructed them "that they are not to consider as an element of damage the amount of work which plaintiff had done, or the value of the materials furnished by him." The defendant's first assignment of error must, therefore, be overruled.

There is no complaint in the motion for new trial that the verdict was no result of bias or prejudice, although there is a complaint that the verdict is excessive. The supreme court and this court have held that, where a verdict is so grossly excessive as to indicate bias on part of the jury, a *remittitur* will not cure the error, but a new trial should be awarded. *Koeltz v. Bleckman*, 46 Mo. 320; *Doty v. Steinberg*, 25 Mo. App. 328. The reason for this holding is that, in such a case, the objection goes to the integrity of the verdict and not to the amount of the recovery only. Where the objection is one which goes to the amount of the recovery alone, trial courts have always been accorded the right to order a *remittitur*, and appellate courts have frequently exercised such right, in order to avoid the necessity of a retrial. *Ray v. Thompson*, 26 Mo. App. 431; *Sherman v. Commercial Printing Co.*, 29 Mo. App.

31; *Hoyt v. Reed*, 16 Mo. 294; *Buse v. Russell*, 86 Mo. 209. The second assignment of error must, therefore, be also overruled.

Judgment affirmed. All concur.