## Wolf v. Painter

236

*Donald G. Oyler*, for plaintiff.

*H. Thomas Pyle*, for defendant.

*S. M. Raffensperger*, for garnishee.

SHEELY, P. J., November 12, 1959.—The facts in this case are not in dispute and the matter may be disposed of on the pleadings. James W. Painter, a minor, was injured in an automobile accident as a result of which his mother, Zella I. Painter, as natural guardian of said minor, and on her own behalf, instituted an action of trespass against Edwin H. Miller. Included in her individual claim for damages was an item of $85 due to Dr. Gerald K. Doo for medical services to the minor, an item of $423.55 due the Annie M. Warner Hospital for hospitalization of said minor and an item of $18 to Mrs. Painter for damaged clothing, etc. A settlement of the action was reached and Mrs. Painter filed a petition with this court praying for approval of the compromise. In her petition she alleged the above indebtedness to the doctor and the hospital and, inter alia, prayed the court to "authorize the payment of expenses above stated as having been incurred by your petitioner to her or to the respective parties named." The court approved the compromise and in its order directed: "The following sums to be paid as indicated.

Dr. Gerald K. Doo, $85; Annie M. Warner Hospital, $423.55. . . ."

Immediately after the entry of the order approving the compromise C. E. Wolf, a creditor of Mrs. Painter, caused an attachment execution to issue and to be served upon Edwin H. Miller, as garnishee, seeking to attach the above funds as the property of Mrs. Painter. The doctor and the hospital filed a petition to intervene, and the parties have stipulated that the court shall dispose of the matter on the pleadings as though an interpleader had been framed. The doctor and the hospital contend that under the order of court the funds were allocated to them and are not the property of Mrs. Painter.

It is true, as contended by the attaching creditor, that the relationship between Mrs. Painter and the doctor and hospital was that of debtor and creditors and that defendant in the trespass action had no direct liability to the doctor or the hospital. His liability, if any, was to reimburse Mrs. Painter for damages suffered by her as a result of the accident, and included in her damage was the liability she incurred to the doctor and the hospital. The amount received by her from defendant, however, would be her property until such time as she paid the doctor and the hospital.

All of this, of course, overlooked what actually occurred in this case. In her petition for approval of the compromise Mrs. Painter recognized her liability to the doctor and the hospital and asked the court to "authorize the payment of expenses above stated as having been incurred by your petitioner to her *or to the respective parties named.*" Acting upon this authorization the court directed that "the following sums be paid as indicated: Dr. Gerald K. Doo, $85; Annie M. Warner Hospital, $423.55. . . ." The court further directed the payment of counsel fees, the payment of $18 to Mrs. Painter for damaged clothing to her son

and that the balance of the settlement be deposited in a savings account for the benefit of the minor. The order of court thus disposed of the entire amount agreed to be paid by defendant or his insurance carrier in settlement of the action, and specifically allocated the sums mentioned to the doctor and the hospital. These sums therefore did not become the property of Mrs. Painter. Under the court order defendant was obligated to pay these sums directly to the doctor and the hospital and he could discharge his obligation in no other way. In effect, Mrs. Painter assigned her rights in the settlement to the doctor and the hospital and thus placed them out of the reach of her creditors.

What the attaching creditor here is seeking to do is to attack collaterally the order of court entered in the trespass action. It is fundamental that an order of a court of competent jurisdiction, given in a suit, cannot, while it remains in full force and unreversed, be collaterally attacked in another suit in the absence of fraud or collusion, by either a party or privies thereto, or by strangers: Buchannan v. Biggs, 2 Yeates 232 (1797); Moeller v. Washington County, 352 Pa. 640 (1945). There is no allegation of fraud or collusion but the attaching creditor contends the court had no jurisdiction over the amount payable to the mother; the court had authority only to approve or disapprove the settlement of the minor's action. The matter before the court was the trespass action brought by the mother on her own behalf and on behalf of her minor son. The court did have jurisdiction of this action and the order directing payment to the doctor and the hospital was entered pursuant to the assignment by the mother.

The attaching creditor further contends that the court did not intend to compel payment by defendant to the doctor and the hospital, because the order did not state who should pay them. The order speaks for itself; had it not been intended that defendant should

pay the doctor and the hospital there would have been no reason to mention them in the order.

The attaching creditor further contends that the amount to be received by the mother in the action was not subject to assignment since it was a claim sounding in tort. While it is true that an unliquidated claim in tort cannot be assigned, the claim here was liquidated.

The garnishee's answer admits that the sum of $18 which is due to Mrs. Painter is in his hands or in the hands of his insurance carrier. The attaching creditor is entitled to judgment for this amount.

And now, November 21, 1959, it is ordered that judgment be entered in favor of Dr. Gerald K. Doo and the Annie N. Warner Hospital against plaintiff in the attachment execution and the garnishee is authorized to make payment of said amounts to them. Judgment is directed in favor of plaintiff in the attachment execution against the garnishee in the sum of $18. Costs to be paid by plaintiff in the attachment execution.