C. B. FIREBAUGH AND JAMES BROWN, Plaintiffs in Error, *v.* ISRAEL STONE, GARNISHEE OF DYER & ROBERTSON, Defendant in Error.

*Attachment—Garnishee.*—The garnishee stands in the relation of debtor to the defendant in the attachment suit, and any defence that he can set up against such defendant, he may also use in resisting the claim of the attaching creditor.

### Error to Callaway Circuit Court.

*Hayden & Belch*, for plaintiffs in error.

I. The court erred in allowing the defendant Stone to retain the money in his hands to be appropriated to the

payment of debts owing by Dyer & Robertson to him. His answer admits a certain fund in his hands, acquired by him under a void assignment, consisting of money specially designated in the answer as United States legal tender notes, and other notes and accounts mostly worthless.

The attaching creditors, Firebaugh and Brown, from the moment the process of garnishment was served upon him, acquired a lien upon this fund. Stone does not occupy the position of a debtor to Dyer & Robertson, but he holds the money as bailee, and without any lien express or implied in his favor upon the fund. If he had as against Dyer & Robertson, supposing there had been no assignment by them, without their consent appropriated this fund to the payment of the debts due by them to him, they could have sued him in trover and conversion, and recovered the money.

This money was a fund in Stone's hands arising from the sale of the stock of goods. The property was placed in his hands for a designated purpose—the payment of certain debts in the assignment. The authority by which he held it was declared to be invalid, by declaring the assignment to be void. He now, while admitting that it only came to his hand for one purpose (to be distributed to the creditors under the assignment), insists that he has a right to retain and hold it for his own use, and the court allows him to appropriate it in that way.

The relationship of Stone to Dyer & Robertson, as regards this money, is not the relation of debtor and creditor, but that of bailor and bailee, and on no principle can he be allowed to retain it.

Our position then is, that Stone cannot in this proceeding, of his own option, convert himself into the capacity of debtor for this money, in order to let in his debts as set-off, and that he has neither a particular nor general lien on the fund, but none whatever, and stands (the assignment being invalid) as a naked bailee of the money, and has no lien for previous debts. (Drake on Attach., § 690; Wood v. Edgar, 13 Mo. 452; 18 Mo. 277; 19 Mo. 625; 34 Mo. 432.)

The law as applicable to factors, consignees, warehouse-men, &c., allowing them a lien for general balance of accounts, has no application to this case whatever; for Stone had no more right to a lien than any other creditor.

*Ewing & Muir*, for defendants in error.

Whatever claim the garnishee has against the defendant, and of which he could avail himself in an action between them, will be equally available to him in the garnishment proceeding. (Ashby v. Watson, 9 Mo. 236; Picquet v. Swan, 4 Mason 443; Drake on Attach., §§ 672–4, 678–9, 681, 682, 683, *et seq.;* Beach v. Viles et al., 2 Pet. S. C. 678.) He may set up any defence which shows that in equity he owes no debt to the defendant. (Glassell v. Thomas, 3 Leigh, 113; Williamson v. Gayle, 7 Grat. 152; Ross v. McKinney, 2 Rawle, 227.)

The attaching creditor can hold the garnishee only to the extent of defendant's claim against the garnishee, and can acquire no right against the latter except such as the defendant had.

In a suit by Dyer & Robertson against Stone to recover the money in his hands, it is clear that Stone would be allowed by way of set-off, or counter-claim, the amount of their indebtedness to him accruing before the service of the garnishment, and in the case at bar he claims no more. As to the money in his hands, the relation of debtor and creditor exists between the garnishee and Dyer & Robertson. Stone, the garnishee, does not deny that this relation exists; but states facts showing that, after allowing the claims of prior attaching creditors and his own claim, he owes nothing to defendants. The instructions of plaintiffs in error also present this theory of the case.

The money admitted to be in garnishee's hands was the proceeds of property, &c., sold, or debts collected by him while property, and evidences of debt came to him in the assignment.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff sued Dyer & Robertson by attachment, and summoned Stone as garnishee. Stone answered stating that he had in his possession and under his control certain money, goods, effects, &c., of the defendants, by virtue of an assignment made and executed by them to him.

This assignment in another case came before this court, and it was decided to be invalid. After said decision Stone filed his amended answer, stating that at the time of the service of the garnishment, he had in his possession twenty-seven hundred dollars in United States legal tender treasury notes, and about twenty-five hundred dollars in notes and accounts, most of which were worthless, and denied that he owed defendants anything. He further stated that defendants, at the time of the service of the garnishment, owed him and still do owe him two notes, and for services rendered at their special instance and request, in about the sum of nine hundred dollars; and that he has been served with garnishment in favor of other parties prior to his being garnished by plaintiffs, and that, after deducting the amount which defendants owed him and what he was liable to pay to the elder attaching creditors, he was ready and willing to pay whatever balance there might be.

Plaintiff demurred to this answer for insufficiency, alleging that the facts therein stated constituted no legal grounds of defence, and that Stone was not entitled to retain his debt in preference to the attaching creditors. The court overruled the demurrer, and gave judgment for Stone, the garnishee, and this is now complained of as error.

In this case we are unable to perceive that any other relation than that of debtor and creditor existed between the defendants in the attachment suit and Stone. In a direct proceeding by them against him, to recover the property in his possession, or for money had and received, there is no doubt about his having a right to plead his debt as a set-off. The invalidity of the assignment is totally immaterial; it

left him in possession of goods, money, &c., which they might have demanded, or brought an action against him to recover.

The rights of a garnishee will never be disturbed by the garnishment. Whatever claim he may have against a defendant, and of which he might avail himself by set-off in an action between them, will be equally efficient when invoked by him on a proceeding by garnishment. (Ashby v. Watson, 9 Mo. 236; Beach v. Viles, 2 Pet. 675.) It is held in an elementary work of merit, that an "attaching creditor can hold the garnishee only to the extent of the defendant's claim against the garnishee, and he can acquire no rights against the latter, except such as the defendant had; and as he is not permitted to place the garnishee in any worse condition than he would occupy if sued by defendant, it follows necessarily, that whatever defence the garnishee could urge against an action by the defendant, for the debt in respect of which he is garnished, he may set up in bar of a judgment against him as garnishee." (Drake on Attach., § 672.)

The assignment having been held void and of no effect, there is no pretence that Stone occupied the position of either a trustee for the creditors, or a bailee to the debtors.

The judgment is affirmed. The other judges concur.