JAMES C. KARNES, Appellant, *v.* LABAN PRITCHARD, GARN-ISHEE, &c., Respondent.

1. *Attachment—Garnishee—Execution.*—The defendant in the execution stands to the garnishee in the relation of creditor to debtor; and the plaintiff in the execution, in order to recover, must prove the indebtedness in the same manner as the defendant would be compelled to do had he sued the garnishee.

2. *Justices' Courts—Garnishee.*—The garnishee in an execution from a justice of the peace answering, "that he was indebted to the defendant, but could not then state the amount due, as he had a set-off," was allowed time to file an additional answer; *held*, that allowing time was within the discretion of the justice.

*Appeal from the Buchanan Court of Common Pleas.*

*Parker, Strong & Chandler,* for appellant.

*W. Jones,* for respondent.

LOVELACE, Judge, delivered the opinion of the court.

This is an action to charge the defendant as garnishee on an execution in favor of this plaintiff and against one Joseph Hill. The proceedings were originally had before a justice of the peace; and on the 19th November, 1863, the defendant, in answering the interrogatories, said, "I am indebted to the defendant Joseph Hill in the sum of one hundred and ten dollars, which will be due on the twenty-fifth of December, A. D. 1863. By the terms of the contract with the said Hill, I am to pay a part of the rent of said place in repairs and taxes. I am not able at this time to ascertain the exact amount which will be due the said Hill in money, but I will be able to state the exact amount which will be due said Hill on the 25th of December, 1863."

On the 4th of February, 1864, the defendant files a further answer, in which he says, that at the time of the service of the garnishment he did not have any property, money or effects in his hands, or under his control, belonging to defendant; and further says, that at the time of the service of the garnishment he was indebted to the defendant in the execution in the sum of eighteen dollars and seventy-six cents, which was all that he then was then indebted to the said Joseph Hill. The complaint is that the court ought to have disregarded the second answer and given judgment on the first. Although the first answer purports to be an answer to the garnishment, it seems to us more in the nature of an affidavit asking for further time to answer. It states that the garnishee cannot arrive at the exact amount which he owes the defendant in the execution until the 25th day of December, then next following; and although the record is perfectly silent on the subject, it would seem that the time was granted and a continuance had in the cause, for on the

4th February, 1864, he is permitted to file an additional answer, which forms the basis of the judgment; and in this we are not prepared to say the justice erred. Justices' courts have considerable discretion in permitting parties to amend their proceedings, and it does not appear that the justice went beyond his discretionary power in this case. (See R. C. 1855, p. 945, § 36.) And if it was proper to admit the amended answer at all, then the case must be tried upon that answer. And the relation of the parties to each other are exactly the same as though the defendant in the execution had been suing the garnishee for his debt—the plaintiff occupying the place of the defendant in the execution. Then it follows that the denial of the garnishee of indebtedness to the defendant in the execution in any moneyed demand gives him a *prima facie* case, and the plaintiff, in order to recover, must prove such indebtedness; just as the defendant in the execution would have been compelled to do had he sued the garnishee for his debt. In other words, the garnishment cannot operate to change the rights of the parties. The defendant ought to be placed in court on the same terms that he would have been had he been sued by his own creditors; and in that case it would have been incumbent on the creditor to prove his claim, and in this case it ought to be required of the plaintiff to prove the indebtedness. It is true that the first answer or affidavit was competent evidence to go to the jury, or the court sitting as a jury, to prove indebtedness; but it is not the province of this court to say what particular right is to be given to an item of evidence; that is the province of the triers of the fact, and they having passed upon it, it would be contrary to the practice of this court to disturb their finding.

The other judges concurring, the judgment will be affirmed.