IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### JANUARY TERM, 1866, AT JEFFERSON CITY.

———•◦•———

WILLIAM D. ADAMS, ADMINISTRATOR OF DAVID ADAMS, DE-
CEASED, Plaintiff in Error, v. WILLIAM H. TRIGG, Defend-
ant in Error.

<table><tr><td>37</td><td>141</td></tr><tr><td>83a</td><td>474</td></tr></table>

<table><tr><td>37</td><td>141</td></tr><tr><td>93a</td><td>294</td></tr></table>

1. *Pleading—Answer.*—An answer may contain several different defences, but they must be consistent with each other, and must be separately stated. The defendant cannot in his answer deny, and then confess and avoid the cause of action.

### *Error to the Cooper Circuit Court.*

*Draffen, Hutchison & Muir*, for plaintiff in error.

I. Only a single issue was presented by the pleadings in this case. The only material part of the defendant's answer was the denial that the plaintiff's intestate had made the deposit in question, and the court erred in refusing plaintiff's instructions first asked for, raising this point. The remainder of the answer has reference to a deposit alleged to have been made by the plaintiff of his own money and in his own right. Whether the plaintiff, in his own right, had made such a deposit, and what had become of the deposit, could not be tried

10—VOL. XXXVII.

in a suit in his representative capacity as administrator of David Adams, for a deposit made by deceased in his lifetime. (Coble v. McDaniel, 33 Mo. 363.)

II. But assuming that the defendant, by his answer, intended to admit that the alleged deposits were really made by the plaintiff's intestate, then the answer contained several distinct and inconsistent defences, and the court erred in overruling the plaintiff's motion to strike it out. This answer is clearly multifarious, and sets up several inconsistent defences, and should have been stricken out. (R. C. 1855, p. 1233, § 14; Atterberry v. Powell, 29 Mo. 429.)

*Douglas* and *Gage*, for defendant in error.

I. The first question arises on the pleadings : Were the defences set up in the answer well pleaded ? Under the present system of pleading the answer is good. "The defendant may set forth by answer as many defences as he may have." (2 R. C. 1855, p. 1233, § 13 ; St. Louis Pub. Schools v. Risley, 28 Mo. 415.) The allegation of facts in the alternative, as in this answer, is authorized by the Code. (R. C. 1855, p. 1238, § 46.) Courts of New York have held that different and inconsistent defences may be set up in the same answer ; and they have gone so far as to decide that "the defendant may set up any matter which will prevent a recovery." (Sweet v. Tuttle, 10 How. Prac. 40 ; Hackley et al. v. Ogment, *ib.* 44 ; Heaton v. Wright, *ib.* 79 ; Stiles v. Comstock, 9 How. 48; Butler v. Wentworth, How. 282 ; Hollenback v. Clow, How. 289 ; Ketcham v. Zerega, 1 E. D. Smith, 560 ; Brown v. Ryckman, 12 *ib.* 313.) The case of Atterberry v. Powell, 29 Mo. 428, is in conflict with the statutes and with the weight of authority.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff, as administrator, to recover of the defendant certain Missouri bank bills and United States treasury notes alleged to have been specially deposited with him by the plaintiff's intestate.

Defendant in his answer denied that any such deposit was made by plaintiff's intestate; but admitted that the plaintiff in his own name made two special deposits with him. He then stated as a defence that the said deposits were delivered back to the plaintiff, or if any part was not so delivered, the same was lost without the fault or negligence of the defendant, and that he was ignorant whether it was the one fact or the other. Plaintiff then filed his motion to strike out the answer, because it set up inconsistent defences, and was multifarious; which motion was by the court overruled. On a trial before a jury the defendant had a verdict in his favor, on which a judgment was rendered by the court, and the case comes here on writ of error.

Under our present system of practice an answer may contain several different defences, but they must be consistent defences and separately stated.

The court erred in overruling plaintiff's motion to strike out defendant's answer, except that portion embodied in the first paragraph. The only material issue tendered in the case was in regard to the deposit alleged to have been made by the plaintiff's intestate; the other matter set up was immaterial, irrelevant, and not pertinent. It had relation to a different party, and went to establish a matter which was not a triable issue. The substantive averment in the petition was the fact of the alleged deposit by the plaintiff's intestate, and the denial of that fact in the answer presented the only question for trial or adjudication by the court. A party will not be permitted to positively deny the material allegations set forth in the petition, and in the same answer allege other defences wholly and directly inconsistent. He cannot interpose a denial, and then avail himself of a confession and avoidance.

The judgment is reversed and the cause remanded; the other judges concur.