JOHNSON, *Appellant*, v. GENEVA PUBLISHING COMPANY *et al.*

### Division Two, May 24, 1894.

**Garnishment:** SET-OFF. A garnishee can set-off, as against the garnishing creditor, money due him on the defendant's breach of contract, although the performance of the contract was secured by bond.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Leverett Bell* for appellant.

(1) The appellant, as creditor of the Geneva Publishing Company, is entitled to the relief asked against the city of St. Louis. *Pendleton v. Perkins*, 49 Mo. 565; *St. Louis v. Lumber Co.*, 114 Mo. 87. (2) Under the terms of the contract between the parties, the city of St. Louis can not withhold money earned by the Geneva Publishing Company, to repay itself for the increased expenditure incurred under the Star-Sayings contract. 2 R. S. 2141; Rev. Ord. of 1887, 937. (3) The reletting of the public printing contract to the highest bidder was unlawful. 2 R. S., 2141; Rev. Ord. of 1887, 937. (4) The city of St. Louis has a complete remedy for any damages it may have sustained by the default of the Geneva Publishing Company on its contract by proceeding against the surety on said contract; and it can not by its own act adjudge itself entitled to damages against the publishing company and the amount thereof, and apply the money of the company in the city treasury to the satisfaction of the same.

*W. C. Marshall* for respondent, city of St. Louis.

The judgment of the circuit court in favor of the city of St. Louis was right. *Barnes v. McMullins*, 78 Mo. 260, 271; Adams' Equity [4 Ed.], marg. p. 270, and cases cited in note 1, p. 578, and cases cited in note 1, p. 581; 8 Am. and Eng. Encyclopedia of Law, p. 1160 and note 4; *Ibid.* pp. 1189 and 1190 and notes 1, 2, 3 and 4; *Healy v. Butler*, 66 Wis. 9; *Railroad v. Wheeler*, 18 Md. 372; *Poe v. College*, 4 Gill, 499; *McPherson v. Railroad*, 66 Mo. 103; *National Bank v. Staley*, 9 Mo. App. 146; *Funkhouser v. Eveland*, 3 Mo. App. 602; Barbour on Set-Off [1 Ed.], 189; *Green v. Darling*, 5 Mason, 202.

SHERWOOD, J.—The city of St. Louis employed its codefendant the Geneva Publishing Company to do the city's printing, Ben Deering being the manager of that company. After doing the printing for a while at a certain figure, its manager informed the city's authorities that it could no longer comply with its printing contract and abandoned the same. At that time the city was owing the publishing company some $750. Thereupon the city employed The Star-Sayings Company to do the work for the remainder of the time. Under the new contract thus entered into, the city was compelled to pay much higher prices for work than if the publishing company complied with its contract and completed the work. This difference in price and consequent loss to the city amounted to the sum of $1,071.67.

Meanwhile, and before the abandonment of its contract, plaintiff had loaned the publishing company sums of money from time to time, for which its notes were given, aggregating in amount some $800. The publishing company was wholly insolvent, and gave

plaintiff a power of attorney to recover whatever the defendant company had earned under the abandoned contract.   Plaintiff instituted the present proceeding to effect an equitable garnishment against the defendant city, for the amount thus alleged to be due from the city to the publishing company.

The defendant city set up in its answer sufficient of the facts aforesaid; pleaded a general denial, and prayed that the said sum of $1,071.67, be deducted from whatever might be owing from the city to the publishing company.   Plaintiff replying, denied the allegations of the answer, and stated that a good and solvent bond had been given the city by the publishing company for the faithful performance of the printing contract aforesaid, and that any loss sustained by the city would be made good by means of the solvent bond thus executed to the city; wherefore he prayed judgment against the city for such amount as it was owing to the publishing company.   On this state of facts, the lower court entered a judgment in favor of the city as prayed in the answer of the latter.

There is no doubt but that in appropriate circumstances a party plaintiff may, by the process of equitable garnishment, without having recovered a judgment at law, seize and sequestrate whatever may be due from the equitable garnishee to the insolvent or nonresident debtor.  *Pendleton v. Perkins*, 49 Mo. 565, and cases cited.   But in equitable garnishment, as in legal process having a similar object in view, nothing more can be accomplished against the debtor of the defendant than in a direct suit against the former by the latter.   The method used to reach the funds in the garnishee's hands can not alter his *status*, nor enlarge or vary the grounds of his defense.  *Karnes v. Pritchard*, 36 Mo. 135; *Firebaugh v. Stone*, 36 Mo. 111; *McPherson v. Railroad*, 66 Mo. 103.

"As the attaching creditor can hold the garnishee only to the extent of the defendant's claim against the garnishee, and can acquire no rights against the latter, except such as the defendant had; and, as he is not permitted to place the garnishee in any worse condition than he would be in if sued by the defendant, it follows necessarily that, whatever defense the garnishee could urge against an action by the defendant for the debt in respect of which he is garnished, he may set up in bar of a judgment against him as garnishee." Drake on Attachment [7 Ed.], sec. 672.

Where there is a breach of the contract by the principal defendant, the amount of damages can be deducted from the amount which would have been due him but for the breach. *Doyle v. Gray*, 110 Mass. 206. See, also, 8 Am. and Eng. Encyclopedia of Law, pp. 1189, 1190, and cases cited; *Barnes v. McMullins*, 78 Mo. 260; Barbour's Law of Set-Off [1 Ed.] 189, *et seq.*

Under these authorities there can be no doubt of the correctness of the action of the court below.

And this view is not at all affected by the fact that the American Surety Company, by its solvent bond, had guaranteed the faithful performance of the work contracted to be done by the publishing company. Had the city yielded to the demand of plaintiff and paid over the money in its hands claimed to be due the publishing company, without asserting its right for reimbursement, recoupment, counterclaim or equitable set-off, the sureties on the bond might well plead that fact in bar of any action against them; certainly to the extent of the sum thus improperly paid. Judgment affirmed. All concur.