STEVENSON et al., Appellants, v. McFARLAND et al.; VETTE, Appellant.

### Division Two, April 23, 1901.

1. **Equitable Garnishment:** FINDING OF CHANCELLOR: APPELLATE PRACTICE. The Supreme Court is not bound, in cases of equitable garnishment, by the findings of facts of the trial court, or by its conclusions of law, yet it will defer somewhat to such finding of facts, and if it is sustained by the evidence, or if the evidence is equally balanced, it will not be interfered with.

2. ———: INTEREST IN BUSINESS CONTRACT: NOT SUBJECT TO GARNISHMENT. A garnishment to subject to the payment of judgments, the

defendant's interest in a business contract with other persons, in which he was to have a certain per cent of the proceeds realized, can not be maintained if the contract has not at the time of the commencement of the suit been terminated, or if defendant's interest in the business has not been ascertained.

3. ———: ———: ———: FRAUDULENT ASSIGNMENT. Nor does it alter the case for such defendant to assign his interest in such business to an associate, whether such assignment was fraudulent as to creditors or otherwise. In either case, his interest was not subject to equitable garnishment before the contract was terminated and his interest ascertained. Until defendant's interest in the business is ascertained, he could not himself recover, and in garnishment the plaintiff is simply substituted to his rights.

Appeal from St. Louis City Circuit Court.—*Hon. Jno. A. Talty,* Judge.

AFFIRMED.

*R. M. Nichols* and *Geo. W. Lubke, Jr.* for appellants.

(1) The findings of fact made by the court at request of McFarland are erroneous, because the evidence shows conclusively that McFarland and Vette reached a complete settlement and termination of the contract between them which both were ready to perform but for the interference of the Buckingham garnishment. This court will review all the evidence and will correct the findings of the trial court if found erroneous. Blout v. Spratt, 113 Mo. 49. (2) The judgment denying plaintiffs the relief sought by them is against the law and the evidence. The evidence showed, without doubt, that the assignment to Kilgen by McFarland was invalid and fraudulent and the court should have so found. Irrespective of the question as to whether Vette and McFarland had ascertained and determined on the interest of the latter in the profits of the former's business, the evidence showed that at the institution of this suit, McFarland

had an interest in Vette's business profits which was worth at least $6,700; that by the terms of a contract between them a part of this was payable in land; that this interest was a contingent one. It was, therefore, not the subject of garnishment. Scales v. Southern Hotel Co., 37 Mo. 520; Weil v. Taylor, 43 Mo. 531; Heege v. Fruin, 18 Mo. App. 139; Ritter v. Boston Und. Ins. Co., 28 Mo. App. 140; Zeltman v. Commercial Bank, 67 Mo. App. 672. If the contract between Vette and McFarland be construed a contract of partnership, it is equally clear that McFarland's interest in it was not the subject of garnishment. Birtwhistle v. Woodward, 95 Mo. 113. The only way, therefore, by which plaintiffs could reach this property-right of McFarland was by creditor's bill, for where the law fails equity furnishes a remedy. Lackland v. Garesche, 57 Mo. 271; Pendleton v. Perkins, 49 Mo. 565; Pickens v. Dorris, 20 Mo. App. 1. The *nulla bona* return on the Buckingham execution, showed that this plaintiff had exhausted his remedy at law so that the court acquired jurisdiction. Wade v. Ringo, 62 Mo. App. 414; Edwards & Son Brokerage Co. v. Rosenheim, 74 Mo. App. 621; Humphrey v. Atlantic Milling Co., 98 Mo. 542; Wilkinson v. Goodin, 71 Mo. App. 394. And the court having acquired jurisdiction should have proceeded to do full and complete justice between all the parties. Reyburn v. Mitchell, 106 Mo. 365; Edwards & Son Brokerage Co. v. Rosenheim, supra. Under the law and the facts shown, plaintiffs as against McFarland, were entitled to a decree subjecting his interest in the contract with Vette to their debts, and as against Kilgen a decree that the assignment to him from McFarland be null and void.

*McKeighan, Barclay & Watts* for respondents.

(1) The judgment of the circuit court rests upon the

general principle which this court has stated, as follows:   "But in equitable garnishment, as in legal process having a similar object in view, nothing more can be accomplished against the debtor of the defendant than in a direct suit against the former by the latter.   The method used to reach the funds in the garnishee's hands can not alter his status nor enlarge or vary the grounds of his defense."   Johnson v. Pub. Company, 122 Mo. 104.   (2)   Under the contract which lies at the foundation of this suit, nothing was due by Vette to McFarland at the time the so-called equitable garnishment began, namely, July 22, 1897, the date of the commencement of this suit.   Plaintiffs claim that there had been a settlement of accounts between said parties under said contract, but the trial court found that such was not the fact.   This court will come to the same conclusion upon the most casual examination of the evidence.   (3)   Even if McFarland and Vette are regarded by the court as partners under the contract above mentioned, the so-called equitable garnishment would be unavailing, because no creditor of one individual partner can have any claim (by legal or equitable garnishment or otherwise) upon the assets of the partnership until the partnership has been wound up, the creditors of the firm paid, and the interests of each partner ascertained.   Hundley v. Farris, 103 Mo. 78; Priest v. Chouteau, 85 Mo. 398.   (4)   No sort of garnishment is available to reach an unascertained interest in a partnership or other venture involving an accounting (as in this case) of "profits."   Johnson v. Publishing Co., 122 Mo. 104; Birtwhistle v. Woodward, 95 Mo. 113; Holker v. Hennessey, 141 Mo. 527.

BURGESS, J.—This is an action in the nature of an equitable garnishment, by which it is sought to subject to the payment of three judgments, obtained by plaintiffs against the defendant McFarland, aggregating $3,797.66, his interest in

Stevenson v. McFarland.

a contract between himself, Kilgen and their co-defendant Vette, entered into on the first day of October, 1895, by the terms of which Vette agreed to pay McFarland in return for services to be rendered to him (Vette) twenty-five per cent of the profits made out of his business, which was that of loans and real estate in the city of St. Louis, during the period in which the services were to be rendered. McFarland and Kilgen were entitled to draw in advance from said business the sum of one hundred dollars each month, but were not to draw in excess of that amount. This suit was begun in July, 1897.

McFarland's interest in the business was worth more than five thousand dollars.

On July 20, 1897, McFarland made an assignment, in writing, of his interest in the business to his co-defendant Kilgen, which plaintiff claims and the evidence tended to show, was without consideration and fraudulent. On July 21, 1897, McFarland and Vette agreed upon a settlement, and with respect thereto, at the request of McFarland, the court made a finding of facts as follows:

"1. Defendant McFarland respectfully requests the court (under section 2135, Revised Statutes 1889), to find specifically as facts, that, after McFarland and Vette had agreed upon the terms of settlement for the interest of the former under the contract of October 1, 1895, and before said terms of settlement were actually carried out, Vette refused to perform on his part, said agreement for settlement, unless a bond was also executed to him to secure him against loss by reason of the Buckingham garnishment that had been meanwhile served on him (Vette); and that thereupon (said bond having been refused), the said settlement was mutually declared "off" or abandoned by all parties—Messrs. Vette, McFarland and Kilgen—and that thereafter said McFarland, with the assent of Vette, returned to the performance of

his (McFarland's) regular duties under the original contract of October 1, 1895, and continued to perform those duties for several days with the knowledge and assent of said Vette.

"2. Defendant McFarland respectfully requests the court to find specifically as facts that, from July 22, 1897, to July 27 or 28, 1897, on the occasion when Vette last notified McFarland to discontinue his services, both Vette and McFarland operated under and continued the business of the concern of John H. Vette & Co., upon the mutual understanding and agreement that said contract was still in force.

"3. Defendant McFarland respectfully requests the court to find specifically as facts, that, after the terms of settlement for McFarland's interest in the business of John H. Vette & Co. had been agreed on between McFarland and Vette, the latter insisted on another stipulation being added to the terms of settlement, which stipulation was not accepted nor agreed to by McFarland or Kilgen, and thereupon the settlement was mutually agreed by said three parties to be 'off' or at an end, and thereupon, with Vette's consent, McFarland proceeded to render services as required by the contract of October 1, 1895, until Vette refused to permit McFarland to further proceed to render such services on the twenty-seventh or twenty-eighth day of July, 1897.

"4. Defendant McFarland respectfully requests the court to find specifically, as facts, that immediately after Vette notified McFarland (on the twenty-seventh or twenty-eighth day of July, 1897) to discontinue his services for John H. Vette & Co., and for several days prior to said notice, McFarland and Vette had both been conducting the business of John H. Vette & Co. under the original contract of October 1, 1895, and that both of them had mutually treated and accepted the prior negotiations for settlement of McFarland's interest in the business of John H. Vette & Co. as abandoned and ended."

Thereupon the court rendered the following judgment:

"Now, at this day come said parties by their respective attorneys, and the court being now fully advised in the premises, doth find the issues joined (upon the cause of action stated in the plaintiff's petition) in favor of the defendants, and the court further finds the issues joined between the defendant McFarland and the defendant Vette (upon the separate answers of said defendants herein) in favor of defendant McFarland. It is, therefore, considered, decreed and adjudged by the court that plaintiff's petition herein be dismissed without prejudice, and it is further considered and adjudged that the contract between said McFarland and said Vette, of date October 1, 1895 (mentioned in said answers of said defendants), is still in force and obligatory upon said McFarland and Vette, and that, prior to the institution of this suit, there was no settlement or accounting had between said McFarland and Vette determining the interest of said McFarland under or by reason of the said contract; and that all of said defendants in this cause recover of plaintiffs their costs and charges in this behalf expended, and have therefor execution."

After unavailing motion for a new trial plaintiffs appeal.

While in cases of this character the Supreme Court is not bound by the findings of the trial court as to facts, or by its conclusions of law, it will defer somewhat to such findings of facts, and if sustained by the evidence, or the evidence is equally balanced, it will not be interfered with. In this case the evidence well warranted the finding that the terms of settlement agreed upon on July 21, 1897, by Vette and McFarland, had not been carried out before it was in effect cancelled by mutual agreement between them, and McFarland had returned to work on the twenty-second day of July, 1887. After a talk with Vette in which Vette said that it was about the proper

thing to do, the settlement was declared off.

The contract between Vette and McFarland was to continue for three years, and as it had not been terminated, or McFarland's interest in the business ascertained at the time of the commencement of this suit, his interest was not the subject of garnishment or execution. Plaintiffs could not have acquired by garnishment any greater right than McFarland had under his contract with Vette by which it was provided that he could only draw one hundred dollars per month "until and unless upon the termination of this contract it shall be ascertained by collection of all outstandings that the net profits arising to each shall have been in excess of the sums so respectively drawn by them."

During the existence of this contract there was no way by which McFarland's interest in the business could be ascertained, nor could McFarland himself have maintained an action against Vette for his interest in the business before the expiration of the time for which the contract was to run, unless by some act or agreement of the parties it should be terminated before that time, and plaintiffs occupy no more advantage ground than McFarland does.

In discussing equitable garnishment in Johnson v. Publishing Company, 122 Mo. 104, SHERWOOD, J., said: "But in equitable garnishment, as in legal process having a similar object in view, nothing more can be accomplished against the debtor of the defendant than in a direct suit against the former by the latter. The method used to reach the funds in the garnishee's hands can not alter his status, nor enlarge or vary the grounds of his defense."

It is claimed by plaintiffs, however, that the assignment by McFarland to Kilgen of his interest in the business was fraudulent as to his creditors, and that the court should have so found, but we are unable to see how this, if true, rendered

McFarland's interest subject to equitable garnishment, before the contract was terminated, and his interest ascertained.

While in this State we have no statute providing for a proceeding of equitable garnishment as distinguished from ordinary garnishment or trustee process, when a judgment has been obtained against a resident of this State, and execution has been issued thereon and returned *nulla bona*, a court of equity, in the exercise of its general jurisdiction, will assist such creditor under a proper showing to "reach and apply to the payment of his debt any property of the judgment debtor, which by reason of its nature only and not by reason of any positive rule exempting it from liability for debt, can not be taken on execution at law." [Ager v. Murray, 105 U. S. 126.]

Now, plaintiffs contend that because defendant McFarland's interest in the business can not be reached by trustee process, a proceeding by equitable garnishment is their only remedy, but the process of garnishment under the statute, and a proceeding in equity to reach property in its nature not subject to garnishment, are in effect instituted for the same purpose. They are as a general rule prosecuted for the purpose of reaching money in the hands of a third party due and owing by a judgment debtor to a judgment creditor. It is conceded by plaintiffs that the interest of McFarland could not be reached by garnishment or trustee process, because a contingent one, and it is inconceivable how this action can be maintained, because both the garnishment or trustee process, and equitable garnishment, proceed upon the same line, and when the interest or property sought to be subjected to the payment of the debt is contingent upon the happening of some future event, as in this case the successful management of the real estate and loan business, and not until the termination of said contract and the collection of all outstandings can it be ascertained whether or not the net profits shall have been in excess of the

sums drawn by each, it is uncertain whether McFarland will or will not have any interest therein, hence, such interest can not be reached in this proceeding so long as the contract continues in force.

The institution of this suit did not in any manner change the rights of McFarland under the contract, and could do no more in any event than to substitute plaintiffs to his rights. In 2 Shinn on Attachment and Garnishment, section 487, it is said: "It is a rule of universal application that the plaintiff in garnishment is, in relation to the garnishee, substituted merely to the rights of his own debtor, and can enforce no demand against the garnishee which the debtor himself, if suing, would not be entitled to recover. He is in no better position than his debtor was either as to the recovery of a debt from, or chattels in possession of, the garnishee."

No one will contend that McFarland, under the circumstances of this case, could have maintained an action against Vette for his interest in the business until the contract between them was terminated, and it must of necessity follow that plaintiffs could not do so.

The judgment is affirmed.   *Sherwood, P. J.*, and *Gantt, J.*, concur.