### BANK OF MONETT, Appellant, v. STONE & PRICKETT et al., Respondents.

#### Kansas City Court of Appeals, March 3, 1902.

1. **Pleading: DENIAL: CONFESSION AND AVOIDANCE: JUDGMENT.** Where an answer after a denial confesses and avoids, the latter plea will be taken as true and the plaintiff will be entitled to a judgment for such amount as may be determined by the pleading.

2. ———: ———: ———: ———. On such state of pleading judgment should be at least for nominal damages; whether the answer must admit in terms or only substantially a given amount before judgment can be rendered for such amount, *quaere.*

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*A. V. Darroch* and *Cloud & Davis* for appellant.

By the defendant's answer admitting the debt, no proof was required to be introduced by plaintiff, and as the defendant declined to introduce any proof to substantiate his claim that the debt was paid, the court should have rendered judgment in favor of the plaintiff on the pleadings.

*A. W. Lyon* for respondents.

That the answer does state a good and meritorious defense needs no argument, hence, the trial court committed no error in overruling plaintiff's motion for judgment on the pleadings. Plaintiff electing to stand on his motion and declining to prosecute further, the court rightfully dismissed his case for failure to prosecute. R. S. 1899, sec. 696.

BROADDUS, J.—This suit was begun in the circuit court of Barry county and taken to the circuit court of Jasper county, where it was tried at the March term, 1897, when the judgment was for the defendants, from which the plaintiff appealed to the Supreme Court, which court has certified the case to this court, because the amount, since said appeal, of the jurisdiction of this court has been increased to $4,500, the amount here involved being only $3,395.59.

The plaintiff sues on an account for said sum of $3,-395.59, which is alleged to be due from the defendants to the plaintiff. The defendants' answer consists of a general denial, and certain other allegations, wherein it is claimed that the debt in question has been discharged by the substitution of another payee in the place of the defendants, and that the defendants have been released by reason of certain other transactions of plaintiff in relation to the debt. This answer, when reference is made to plaintiff's account, in every instance denominates it "the *alleged debt*" of plaintiff. To the answer plaintiff filed a reply denying the allegations of the defendants' answer.

When the cause was called for trial, both parties waived a jury. The plaintiff moved for a judgment on its petition and the itemized account filed, which motion the court overruled, to which action of the court in overruling said motion plaintiff excepted. The plaintiff declined to introduce any evidence in support of its petition, whereupon the court rendered the following judgment: "It is ordered by the court that this cause be and the same is dismissed for failure to prosecute, that the defendants go hence and recover of and from the plaintiff, the costs of this suit, and that execution issue therefor."

The plaintiff contends that it was entitled to judgment, as the answer did not state a defense to plaintiff's cause of action. The defendants claim that the answer does state a good defense, and ask that the judgment be affirmed. Neither side submit any argument or authorities to support their respective positions. The issue is one of law arising on the pleadings. The answer being a general denial, and also in the nature of a plea of confession and avoidance, the question is to be determined by the rules of pleading.

We know of no rule of pleading which permits a party litigant to deny his adversary's allegations, and at the same time to confess and avoid them. At common law the rule required the pleader to admit his adversary's cause of action and then to allege matters by way of avoidance. Stephen's Pleading, p. 90. There is no question but what the answer is in violation of the common-law rules of pleading, but is also at variance with our code regulating the subject. Our courts, in passing on the question, have held such pleas to be defective. "A party can not traverse and at the same time confess and avoid the same allegation." Coble v. McDaniel, 33 Mo. 363; Darrett v. Donnelly, 38 Mo. 492; Adams v. Trigg, 37 Mo. 141; Atteberry v. Powell, 29 Mo. 429. In short, such a plea is subject to the objection of being inconsistent with itself, and also the charge of duplicity.

Bank of Monett v. Stone & Prickett.

The question, however, presented is, was the plaintiff entitled to a judgment on the pleadings as they stood? In McCord v. Railroad, 21 Mo. App. 95, Judge THOMPSON, who delivered the opinion of the court, used the following language in reference to an answer similar to the one in question, to-wit: "As his pleading is taken most strongly against himself, if, after a denial, he confesses and avoids, his confession will be taken as true, and under it the plaintiff will be entitled to a verdict for *some* damages unless the defendant prove the matter of avoidance. But in such a case, the plaintiff will not, on a mere admission contained in the pleading, be entitled to recover more than nominal damages unless the pleadings in terms admit the value or damages which plaintiff claims, or some other value or damages." We find no fault with the principle announced in the foregoing opinion. Under the rule announced therein, the plaintiff had the right to stand on the pleadings and demand judgment for the amount of its debt admitted in the answer, if the whole or any part was so admitted *in terms;* if no such admission, he was entitled to at least a judgment for a nominal sum. The court was not authorized to dismiss the case for want of prosecution and render judgment for costs against the plaintiff.

As the case will have to be heard anew, we have not considered the question of whether or not under the defendants' answer the plaintiff would have been entitled to the amount of its claim, for the reason that we differ somewhat with the St. Louis Court of Appeals, in that part of said decision, which confines the right of the party litigant to a judgment against his opponent for only so much as the answer *"in terms admit the value or damages which plaintiff claims,"* for the reason that the better rule would be for so much as the answer admits *whether in terms or substantially by proper construction.* We can see no good reason for making a distinction where a thing is admitted in so many words, or an admission

deduced from all that has been said or written. But we will leave the question to the future.

The cause is reversed and remanded. All concur.