## PEOPLE'S SAVINGS BANK, Respondent, v. FRED H. HOPPE, Appellant.

### Kansas City Court of Appeals, June 29, 1908.

1. **BILLS AND NOTES: Evidence: Verified Answer: Third Parties.** In an action against an administrator and the maker of promissory notes to secure their payment out of the maker's interest in his father's estate, the fact that the administrator's answer denied the execution of the notes under oath does not require proof of their execution to authorize their admission in evidence, since the statute provides that the execution shall be adjudged confessed unless the party charged to have executed the same denies the execution thereof.

2. **ADMINISTRATION: Personal Property: Descent and Distribution: Heir: Domestic Partition.** The title to personalty left by decedent is in the administrator and until there has been a proper ascertainment that there is a surplus after debts and costs the heir is not entitled to any part of it, and the administrator does not owe him; and the rule relating to domestic partition has no application in this case.

3. **GARNISHMENT: Defense: Action: Legal: Equitable.** A garnishee may interpose any defense against the plaintiff that he could against the defendant had the latter sued him; and this rule holds whether the procedure is legal or equitable, since the method cannot alter the garnishee's statute nor vary the grounds of his defense.

4. **ADMINISTRATION: Personal Property: Descent and Distribution: Pleading: Assignment: Fraudulent Conveyances.** Where an administrator defendant in a proceeding to hold and apply an heir's distributive share for the payment of his debt admits that the heir has assigned his share and he had paid the assignee before notice he thereby concedes that there is nothing preventing his applying the heir's share to the payment of his debt save the assignment, and on proper defense the validity of the assignment may be tried.

5. ———: ———: ———: ———: ———: ———. A party may not traverse and at the same time confess and avoid the same allegation; but where the answer sets up an assignment the reply may deny the assignment and then aver, if it exists, it is fraudulent and the pleading requires the defendant to show the assignment in form at least, which the plaintiff may attack for fraud.

132 App—29

Appeal from Livingston Circuit Court.—*Hon. Joshua W. Alexander*, Judge.

REVERSED AND REMANDED.

*Kitt & Taylor* for appellant.

(1) The court committed error in permitting the introduction in evidence of the notes sued on, over the objection of the defendant and garnishee, Schmitz. There being no evidence that the said notes were executed by the principal debtor, Fred H. Hoppe, and being an existing indebtedness owing to the plaintiff by the said Hoppe. R. S. 1899, sec. 746. (2) Under the pleading in this case the assignment plead in the answers of the garnishee and defendant, Schmitz, were admitted by the replies of the plaintiff thereto, but the effect thereof was sought to be avoided by plaintiff's replies in which it is alleged that the same were made without consideration for the purpose of defrauding and cheating the plaintiff and other creditors of the defendant, Hoppe, and the sole issue was on the question of whether such assignment was for value and in fraud of creditors, the burden of proving which was on the plaintiff; and plaintiff offering no evidence on these issues the assignment stands admitted, for which reason the judgment and decree herein is for the wrong party. Hax v. Plaster Co., 82 Mo. App. 451; Price v. Mining Co., 83 Mo. App. 474; Bank v. Stone, 93 Mo. App. 294; State ex rel. v. Jockey Club, 98 S. W. 541. (3) The allegations of the answers of the garnishee and defendant, Schmitz, being sworn to are to be taken as evidence in his favor, the same having not been disapproved by the plaintiff on the trial. Hax v. Plaster Co., 82 Mo. App. 550; Bunker v. Hilber, 49 Mo. App. 536; Waples on Attachment and Gar., 376; Shinn on Attachment and Gar., 636; Blackstone v. Railway, 44 Mo. App. 557; Holton v. Railway, 50 Mo. 151; Hopkins

v. Huff, 67 Mo. App. 394; Walker v. Fairbanks & Co., 55 Mo. App. 478; Clark v. Kinealy, 13 Mo. App. 104; Keating v. Refg. Co., 32 Mo. App. 293; Reinhart v. Soap Co., 33 Mo. App. 24; Spengler v. Kaufman, 43 Mo. App. 14. (4) Before plaintiff can recover it must be shown that there was a money demand absolutely due from the garnishee and defendant, Schmitz, to the principal debtor, Hoppe, unaffected by liens, contingencies, prior incumbrances or conditions of contract and one upon which defendant, Hoppe, could sue and recover from the garnishee and defendant, Schmitz, and this is the rule in equitable as well as legal garnishment. And the defendant and garnishee, Schmitz, can set up any defense which he might have in a suit by the principal debtor, Hoppe, against him. Mercantile Co. v. Bettles, 58 Mo. App. 384; Stevenson v. McFarland, 162 Mo. 159; Johnson v. Pub. Co., 122 Mo. 104; Reinhart v. Soap Co., 33 Mo. App. 24; Heege v. Fruin, 18 Mo. App. 139; Scales v. Hotel Co., 37 Mo. 520; McPherson v. Railway, 66 Mo. 103; Karnes v. Pritchard, 36 Mo. 135; Firebaugh v. Stone, 36 Mo. 112; Drake on Attachment (7 Ed.), sec. 672; Shinn on Attachment and Gar., sec. 487. (5) The defendant and garnishee having denied the existence of and debt owing by the principal debtor to the plaintiff and there being no personal service on the principal debtor, Hoppe, and the plaintiff having offered no evidence to overcome the denial of such debt by the defendant and garnishee, Schmitz, this suit should have been dismissed, neither the circuit court nor this court having jurisdiction. Shinn on Attachment and Gar. (2 Ed.), sec. 642, and cases cited in notes. Mercantile Co. v. Bettles, 58 Mo. App. 384. (6) The garnishee should and can make every defense against the plaintiff's cause of action which he, the garnishee, could make against the principal debtor, where the principal debtor is not before the court. Mercantile Co. v. Bettles, 58 Mo. App. 384; Shinn on Attachment

and Gar. (2 Ed.), sec. 623. (7) Outside of the question of assignment any money which might come to the defendant, Hoppe, would in no event be payable in Missouri, but would be payable either first where the said Hoppe resided, or at the place of residence of the deceased, August Hoppe, in Franklin county, Florida. The place where the money is payable is the situs of the debt. Keating v. Refrg. Co., 32 Mo. App. 297, and cases cited; Fielder v. Jessup, 24 Mo. App. 91; Blackstone v. Railway, 44 Mo. App. 556. (8) Any money which might come or belong in the future to the principal debtor, Fred H. Hoppe, will not be due and payable to him in this State, but will be due and payable to him either at the place of his, Hoppe's, residence or at the place of the residence of the deceased, August Hoppe, in Franklin county, Florida, for which reason any amount which might come to the said Fred H. Hoppe is not subject to garnishment in this State, the situs being elsewhere. Todd v. Railway, 33 Mo. App. 115; Bank of Wickham, 23 Mo. App. 666; Walker v. Fairbank Co., 55 Mo. App. 478. (9) The defendant and garnishee herein is garnisheed and sued as the administrator of the estate of August Hoppe, deceased, prior to an order of final distribution in said estate and prior to an order allowing a claim or legacy due from said estate to either the plaintiff or the principal debtor, Fred H. Hoppe, and this in direct conflict with the statutory law which must control. R. S. 1899, sec. 3435.

*Frank Sheetz & Sons* for respondent.

(1) Appellant, under point 2, says that the assignment plead by Schmitz was admitted. This cause was tried on the petition of plaintiff and the answer of the defendant Schmitz and the reply of plaintiff thereto. No interrogatories were filed by the plaintiff, but the garnishee filed a paper as if an answer, and the

plaintiff filed a denial thereto. The answer of defendant Schmitz in the main case was duly denied by a reply of plaintiff. The fact that defendant Schmitz swore to his answer made no difference in the trial of the cause, and left the issues to be tried in the ordinary way. (2) The authorities cited in support of point 3 have no application to the facts and proceedings in this case as shown by the record. This is a suit in equity and was tried as such, and is governed by the practice in such cases. (3) Point 4 is braced by authority after authority, but what end they can serve under this record is beyond our comprehension. (4) Point 5 is too much for us. Why the circuit court did not have jurisdiction of this matter must give us pause. We do not understand it. (5) Point 6 is not well taken. It might be good garnishment law, but does not reach up to this case. (6) Point 7 cannot be seriously urged, as it would prove a boomerang for the defendant Schmitz. If the money is not payable here, it is strange how defendant Schmitz would dare pay it out to Louis Hoppe on his own motion without any order from any court and with such alacrity. (7) An administrator may be garnished in equity is well established. Lackland v. Smith, 5 Mo. App. 153. A school board may be garnished. Luthy v. Woods, 1 Mo. App. 167. The city of St. Louis was garnished. Pendleton v. Perkins, 49 Mo. 565. Also an executor. Stratton v. Ham, 8 Ind. 84, 65 Am. Dec. 754. And a county. Riggin v. Hilliard, 56 Ark. 476, 35 Am. St. 113.

ELLISON, J.—August Hoppe died intestate in the State of Florida in February, 1904, leaving several children as his heirs. Two of these, defendants Fred and Louis, figure in this controversy. There was administration of the estate in Florida and deceased having eight thousand dollars in this State, the defendant Schmitz was appointed administrator of the estate here

and took charge of the money. Defendant Fred owed two notes to the plaintiff bank, one for a balance of about $400 and the other for $700, each with interest. Fred was a non-resident of this State. Plaintiff brought this action, in equity, wherein it asked for judgment against defendant Fred for the amount of the notes, and that defendant administrator be restrained from paying to Fred any part of the money in his hands as administrator of the estate, "and for all such other judgments and decrees as may be right and proper in the premises." Plaintiff also sued out an attachment in aid. The trial court found that defendant Schmitz had $1,000 in his hands as administrator and that it could be paid by him to plaintiff without any prejudice whatever, and that the deceased left no debts; and rendered a decree against Fred for $1,551.65, "to be paid out of the money in the hands of defendant Schmitz to the amount of one thousand dollars." And "that plaintiff recover of the defendant. Schmitz the sum of one thousand dollars and costs of suit and that the same when collected be applied on the judgment of plaintiff herein against Fred H. Hoppe and that plaintiff have execution therefor." The defendant Schmitz appealed to this court.

With the exception of the introduction of the notes in evidence, the entire case was tried on the pleadings. The defendant Fred was served by order of publication but did not make an appearance. Defendant Schmitz was summoned as garnishee; so it may be said that he occupies a double relation to the case, and he filed two answers, one as defendant and the other as garnishee, though there were no interrogatories filed. Each of the answers was under oath.

As the answers were sworn to defendant contends that the notes should not have been admitted in evidence without proof of their execution. We think the point not well taken. The denial of execution under

oath which makes necessary for the plaintiff to prove such execution, is the denial and oath of the maker. The statute reads that the note "shall be adjudged confessed unless the party charged to have executed the same deny the execution thereof." [Sec. 746, R. S. 1899.] The object in introducing the notes was to establish the indebtedness against the defendant Fred Hoppe so as to form a base for proceeding against the defendant Schmitz.

As there were no interrogatories filed, and as defendant Fred did not appear, we have to determine the case from the petition, the defendant Schmitz's answers and the replies thereto. It was alleged in the petition that the notes were executed by Fred; that he was the son and one of the heirs of August Hoppe who died in Florida leaving an estate of which Fred was entitled to one-fifth; that deceased left in Livingston county, Missouri, eight thousand dollars and that he did not owe any debts; that defendant Schmitz had been appointed administrator in Livingston county; that defendant Fred was a non-resident and was either insolvent or had concealed his property so as to hinder and delay his creditors; and that unless his interest in his father's estate in the hands of Schmitz as administrator, be subjected to the payment of debts, creditors would lose their claims.

The answer of Schmitz as garnishee (no interrogatories being filed as already stated) was, 1st, That at the time he was summoned as garnishee he did not owe defendant Fred anything, nor did he have anything of his in his hands or under his control. 2nd, That he was summoned as garnishee as administrator prior to an order for final distribution, or for payment of legacies, or the allowance of a demand. 3rd, That the estate was in course of administration by garnishee, which administration was only ancillary, the domicile of deceased at his death being in Florida and the

probate court of Livingston county had no authority to order distribution here, said estate being only subject to administration in Florida. 4th, That the circuit court in Livingston county has no jurisdiction over the estate or the garnishee. 5th and 6th, That defendant Fred has no interest in the estate and did not have at time garnishment was served. That on February 3rd, 1904, he had assigned in writing all his interest in the estate to his brother Louis. That notice of such assignment had been served on him prior to the garnishment herein; and that he has paid thereon practically all the money due thereon from the estate. 7th, That under the laws of Florida the widow and children of the deceased were entitled to the estate, except Fred, who has assigned his portion. 8th, That garnishee is not subject to garnishment, nor has the court jurisdiction for the reason that there is no sum due Fred, and if there was it would be due and payable in Florida. 9th, That plaintiff cannot maintain the action as it has a complete remedy at law. 10th, That under section 254, Revised Statutes 1899, whatever estate deceased left in Missouri should descend and be distributed according to the laws of Florida, and that under the laws of the latter State an administrator was not subject to garnishment; and that under section 255, Revised Statutes 1899, the probate court has the exclusive jurisdiction to determine how the estate shall be disposed of.

The answer of defendant Schmitz as administrator, was a general denial; and that August Hoppe had at his death $8,000 on deposit in the First National Bank of Chillicothe; that he was duly appointed as administrator and that he took charge of such money. The remainder of the answer is, in substance, the same as he made as garnishee.

The plaintiff's reply to defendant's answer as garnishee, admits that August Hoppe died in Florida while

residing there; and that the heirs are non-residents. It admits that at his death he had $8,000 on deposit; that defendant is administrator and has taken charge of the deposit. It is then alleged that Fred has an interest in the funds in the hands of defendant to the amount of $2,000, and denies that any part of it was paid to Louis as assignee of Fred. It denies that Fred ever made an assignment to Louis. It then alleges that defendant knew that Fred was dishonest and insolvent and was endeavoring to cheat his creditors, "and *if* he has paid" Fred's interest to Louis he did so without an order of the probate court and with the design to aid Fred in cheating his creditors. It then alleges that Louis knew that Fred was dishonest and was trying to defraud his creditors, "and *if* said Louis" has any written assignment, it is fraudulent and without consideration, and was accepted with intent to aid Fred in his dishonest purpose. Plaintiff's reply to the answer of defendant Schmitz as administrator was practically the same as the reply to the answer as garnishee.

The answer of defendant Schmitz as garnishee may be put aside since there were no interrogatories to which such answer could find application. However, as we have already stated, the answer which he filed as administrator was practically the same thing. The petition, the answer as administrator and the reply present everything discussed by counsel and these pleadings must of themselves support the judgment, else it cannot stand. The judgment or decree entered in plaintiff's favor is not a decree enjoining defendant from paying Fred any money, as was affirmatively prayed in plaintiff's petition. But under the general prayer for further relief, the judgment is that $1,000 be paid absolutely out of the funds in the hands of the administrator. We do not think it can find support within recognized rules of law, unless it be in

circumstances to which we refer further on. The title to personalty left by a deceased is in the administrator and until there has been a proper ascertainment that there is a surplus after paying debts and costs of administration, the heir is not entitled to any part of it. If we leave out of view a principal administration in Florida, as not being proved or admitted, and confine ourselves to the administration in this State, it does not appear that there was ever an order of distribution of the personal estate. In short, there is nothing to show that the administrator owes the principal debtor. In garnishment that fact must be made to appear. The garnishee may interpose any defense against the plaintiff that he could against the defendant if the latter had sued him. [Drake on Attachment, sec. 672; Shinn on Attachment, sec. 487.]   Is it not clear that if defendant Fred had brought an action against the defendant administrator, showing no more than is here admitted, he would have failed?

It is true that the present procedure is what is known as equitable garnishment. [Pendleton v. Perkins, 49 Mo. 565; Stratton v. Ham, 8 Ind. 84; Riggin v. Hilliard, 56 Ark. 476.]  "But in equitable garnishment, as in legal process having a similar object in view, nothing more can be accomplished against the debtor of the defendant than in a direct suit against the former by the latter. The method used to reach the funds in the garnishee's hands cannot alter his *status*, nor enlarge or vary the grounds of his defense. [Karnes v. Pritchard, 36 Mo. 135; Firebaugh v. Stone, 36 Mo. 111; McPherson v. Railroad, 66 Mo. 103.] 'As the attaching creditor can hold the garnishee only to the extent of the defendant's claim against the garnishee, and can acquire no rights against the latter, except such as the defendant had; and, as he is not permitted to place the garnishee in any worse condition than he would be in if sued by the defendant, it follows necessarily that,

whatever defense the garnishee could urge against an action by the defendant for the debt in respect of which he is garnished, he may set up in bar of a judgment against him as garnishee.'" [Johnson v. Publishing Co., 122 Mo. 102.] The matter of the interest of defendant Fred Hoppe is not only not here terminated so as to put title in him to the money, but it is not known that he will ever have an interest. [Stevenson v. McFarland, 162 Mo. 159.]

There are instances where there has been what is known as a domestic partition, without the interposition of an administrator, where no debts existed, and there was no hindrance to a distribution, and the title had been recognized in the heir. [Richardson v. Cole, 160 Mo. 372; McCracken v. McCaslin, 50 Mo. App. 85; McDowell v. Orphan School, 87 Mo. App. 386.] But there is nothing in this record to justify such disposition of the present case. It is alleged in the petition that no debts exist against the estate and that the administrator could safely pay the amount of the judgment as being Fred's distributive share of the estate, but there is no evidence on that head, nor any attempt to bring the case within the reason of those just cited.

But in this connection the administrator's answer has an important bearing. He there admits defendant Fred's title and right to the immediate control thereof, by alleging that Fred had assigned his distributive share to Louis and that he had paid the latter under the assignment before notice of these proceedings. He thereby concedes that nothing stands in the way of Fred's title and right to his distributive share, save his having made an assignment of it. So if Fred has not made a valid assignment, then, under the particular situation of this case, plaintiff would be entitled to a judgment such as he obtained in the trial court. The matter of the validity of the assignment, that is, whether it was without consideration, or made in fraud

of creditors, should be tried, and if found to be fraud-ulent and that defendant knew of it as charged, plain-tiff is entitled to judgment.

In this connection there is controversy between the parties as to the effect of the pleadings. Defendant claims that his allegations as to the assignment which he makes to his answer are confessed by plaintiff's re-ply. He relies upon the proposition that one cannot deny and confess and avoid as to the same transaction. [State ex inf. v. Delmar Jockey Club, 200 Mo. 65.] "A plea of general denial does not raise an issue where it is followed by a special plea of confes-sion and avoidance." [Price v. Mining Co., 83 Mo. App. 474.] "A party cannot traverse and at the same time confess and avoid the same allegation." [Bank v. Stone, 93 Mo. App. 294.]

But plaintiff is not in that predicament. The pleading here, as has already been stated, is not an admission or confession of the assignment. The assign-ment is denied, and then it is alleged that "if" there is an assignment in existence it was designed and in-tended as a fraud on creditors. We do not consider this to be an admission. The rule stated in the cases last cited is no more than that inconsistent pleas must not be made to the same transaction. But the incon-sistency should amount to incompatibility. Thus you may deny the execution of a note and plead that you paid it. For, though forged or obtained by fraud, you may still have paid it. [Nelson v. Brodhack, 44 Mo. 596.]

We are not unmindful of the suggestion which may be made that since plaintiff has set up a special cause why there was no assignment, he should be held to prove that cause; and, therefore, since there was no evidence on the subject the assignment must stand ad-mitted. That suggestion would be well made were it not that plaintiff by the general denial denies that there

was an assignment, this, as we have seen, not being incompatible with the further plea that "if" there was an assignment, it was fraudulent and void. So we think that the general denial put the onus on defendant to prove that there was, in form at least, an assignment, and then the burden would be shifted to plaintiff to show that it was fraudulent. There is no reason why the order of proof would not be as in that of an action on a note where there was a denial of the note and a plea of payment. The burden would first be on the plaintiff to prove the note and then would shift to the defendant to prove that it had been paid.

The judgment should be reversed and the cause remanded. All concur.