## LOUIS OBERT BREWING COMPANY, Appellant, v. WABASH RAILROAD COMPANY, Respondent.

### Springfield Court of Appeals, June 6, 1910.

1. GARNISHMENT: Right of Execution Creditor. In garnishment proceedings, the execution creditor acquires no greater right against the garnishee than was held by the principal debtor. If the defendant could not maintain an action against the garnishee, then the execution creditor of the defendant cannot.

2. ———: ———: Garnishee Must Be Legally Liable to Execution Debtor. The section foreman of a railroad company made a

verbal promise to a boarding house keeper that the company would guarantee the payment of the board bills of its section men. Plaintiff obtained a judgment against the boarding house keeper and garnisheed the railroad company. After the service of garnishment, the company paid the boarding house keeper the employees' board as was its custom. *Held,* that the company was not liable on the garnishment because there was no contract legally binding the company to pay the boarding house keeper, the oral promise of the foreman being without consideration and also void under the Statute of Frauds.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

AFFIRMED.

*Johnson & Gillespie* and *W. H. Douglass* for appellant.

*N. S. Brown* and *Walter N. Davis* for respondent.

(1) Garnishment proceedings are legal and not equitable in their nature. Lackland v. Garesche, 56 Mo. 267; Sheedy v. Bank, 62 Mo. 17, 21 Am. Rep. 407; Atwood v. Hale, 17 Mo. App. 81; Coleman v. Insurance Co., 74 Mo. App. 663; Bank v. Barnett, 98 Mo. App. 477; Iron Co. v. McDonald, 61 Mo. App. 559. (2) In order to justify a garnishment, there must exist a right of action by the defendant against the garnishee. Lessing v. Vertrees, 32 Mo. 431; Fenton v. Block, 10 Mo. App. 536; Eddy v. Heath, 31 Mo. 141.

COX, J.—The plaintiff obtained judgment against Henry & Herman Albers for $700. On this judgment execution was issued and the Wabash Railroad summoned as garnishee. The garnishee answered denying owing any debt to Albers. Issue was taken on this denial, and trial had before the court, resulting in the discharge of the garnishee, and plaintiff has appealed.

The evidence tends to show that Albers had been running a boarding house at which employees of the Railroad Company boarded, and that the foreman of the company, under whom these men worked had said to Albers that the company would guarantee the payment of the board bill of its employees. That for some time it had been the practice of the railroad company to withhold enough of the wages of its employees to pay their board and to pay it direct to Albers. When the garnishment was served upon the railroad company it had not paid the board of its employees for the last month and after the service of garnishment it paid the same to Albers, as was its custom.

On this state of facts can plaintiff recover on this garnishment? If the railroad company was indebted to Albers, it can, otherwise it cannot, for before an execution creditor can reach money or property by garnishment, it must appear that the defendants themselves could have reached it.

In garnishment proceedings the execution creditor acquires no greater right against the garnishee than was held by the principal debtor. If the defendant could not maintain an action against the garnishee, then the execution creditor of the defendant cannot, and the garnishee should be discharged. [Bank v. Hoppe, 132 Mo. App. 449, 111 S. W. 1190; Johnson v. Geneva Publishing Company, 122 Mo. 102, 26 S. W. 676.]

Under the evidence in this case we do not think the railroad company liable to garnishment. The evidence fails to show any contract relation between the railroad company and Albers. The most that it does show is that the railroad company had, through its foreman, promised Albers, verbally, to guarantee the payment of the board of men in the employ of the railroad company. This was under this evidence a mere naked promise and cannot be elevated to the dignity of a contract for two reasons:

1.    Want of consideration.

2.    If called a contract at all it was that the railroad company should answer for the debts of its employees, and was void under the statute of frauds.

The railroad company owed Albers nothing. Their debt was to their employees, and before defendants could maintain an action against the railroad company, they would have to secure an assignment of the debt. This was not shown, and as defendants had no right of action against the railroad company, the plaintiff could acquire none by garnishment. Judgment affirmed. All concur.