THE AMERICAN LIFE INS. CO., Appellant, v. E. F. MELCHER, AND OTHERS, Appellees.

**Pleadings:** AMENDMENT DURING TRIAL: DISCRETION. Amendment of pleadings after the trial has begun is not always a matter of right, and the ruling of the trial court denying the same will not usually be disturbed in the absence of a showing of abuse of discretion: and especially where the rights of the parties would not be affected thereby under the issues as already joined.

**Gratuitous subscriptions:** WITHDRAWAL: NOTICE. A gratuitous subscription may be withdrawn at any time before delivery of the paper to the real party in interest, or before such party has accepted and acted upon the proposition; and the notice of withdrawal may be given to the person having possession of the paper who secured the subscription whether he holds the same in his own right or as agent of the real party in interest.

**Evidence:** CREDIBILITY OF WITNESS. Where there is a conflict in the evidence the credibility of the witnesses and the weight to be given their testimony are solely for the jury to determine.

*Appeal from Hancock District Court.*— HON. J. F. CLYDE, Judge.

TUESDAY, NOVEMBER 20, 1906.

ACTION at law to recover upon an alleged subscription to aid in the construction of a hotel. Verdict and judgment for defendants, and plaintiff appeals.— *Affirmed.*

*Evans & Evans* and *Ripley & Warner,* for appellant.

*Seniff & Bliss,* for appellees.

WEAVER, J.— The defendants subscribed their names to a writing by which they undertook to pay to the plaintiff a stated sum of money to aid and encourage the building of a hotel in the town of Garner, Iowa. The plaintiff alleges that in reliance upon said subscription it did construct the proposed hotel in accordance with the terms of the offer, but defendants refuse to pay the amount of their subscription. The defendants admit making the subscription, but plead in defense: (1) That said subscription was obtained by fraud and false representations; and (2) that said subscription was gratuitous and without consideration, and that before the same was accepted, or any expense had been incurred or action taken upon faith of it, defendants withdrew therefrom and gave due notice of their withdrawal. The jury returned special findings to the effect that the first defense was not sustained by the evidence, but that the second defense, based on the alleged withdrawal of the subscription, had been duly established. Judgment being rendered for the defendants, plaintiff appeals. In view of the special findings, we need take no time in discussing the alleged false representations, but will proceed to consider the points made by appellant so far as they relate to the other issue.

I.   Pending the trial plaintiff asked leave to amend its petition by alleging that it was not instrumental in obtaining

the subscriptions, but became a party thereto only after the
same had been made and presented to it for
acceptance. Leave to amend was denied, and
the ruling is assigned as error. Amendment of
pleadings after trial is begun is not always a matter of right,
and we are disinclined to sustain an assignment of error upon
its denial in the absence of any abuse of discretion. No such
abuse is apparent here. Moreover, had the amendment been
filed and the literal truth of its allegations admitted, we do
not perceive how it would have affected the rights of the par-
ties under the issues already joined. For, whether Ripley,
the person who had possession of the paper and secured the
defendant's signature, was acting on his own motion or as
agent of the plaintiff, said paper was not negotiable in char-
acter, and plaintiff received it subject to any defense which
might have been urged against it in Ripley's hands. The
jury was properly instructed that if, while the paper was
still in Ripley's hands, and before the plaintiff had acted
thereon or had expended any money or incurred any obliga-
tion on faith thereof, defendants notified Ripley of their
withdrawal from the subscription, and that they would not
be bound thereby, then the defense pleaded was complete.
There was evidence on which the jury could find these facts,
as claimed by the defendants, and we are of the opinion that,
even if there was error in refusing to allow the amendment, it
was without prejudice.

II. There was no error in overruling the plaintiff's ob-
jection to the testimony of defendants as to their conversa-
tions with and statements to Ripley concerning their with-
drawal from the subscription. Whatever may
have been the real relations of Ripley to the
plaintiff, he was the person who had possession
of the subscription paper when signed by the defendants, and,
as we have before said, there was evidence from which the
jury could properly find that he still retained such possession
at the time of the alleged withdrawal. Under such circum-

1. PLEADINGS: amendment during trial: discretion.

2. GRATUITOUS SUBSCRIPTIONS: withdrawal: notice.

stances the defendants would be justified in treating him as the holder of the paper, either in his own right or as agent for the real party in interest. The testimony was competent and material. Nor was the plaintiff prejudiced by the ruling of the court sustaining defendants' objections to the question put to Ripley as to the capacity in which he was acting in taking the defendants' subscription. In view of the conceded situation, it is manifest that in taking such subscription Mr. Ripley was acting either on his own motion, or as the agent of the plaintiff, or as the agent of the defendants; and, as we have already intimated, we cannot see that it is at all material which position he occupied. In either event, until he had delivered the paper to plaintiff, or plaintiff had in some manner accepted the proposition or acted upon it, the subscription was in the nature of an offer which defendants could withdraw. This the jury found was done, and we think the verdict is conclusive of the fact.

III. Appellant's objection to the sufficiency of the evidence cannot be sustained. There was a sharp conflict between the witnesses as to some of the circumstances testified 3. EVIDENCE: to, but the credibility of the witnesses and the credibility of witnesses. weight of their testimony were for the jury alone. It would be of no profit to any one for us to extend this opinion by a rehearsal or discussion of the testimony in detail. We think it sufficient to sustain the verdict.

The judgment of the district court is *affirmed.*