## PALAIS DU COSTUME COMPANY, Appellant, v. E. F. BEACH, Respondent.

Springfield Court of Appeals, June 6, 1910.

1. CONTRACT: Signing Subscriptions for Stock: Cancellation of Subscription: Instructions. A paper was circulated to obtain subscribers to stock in plaintiff corporation. Defendant was the last to sign the subscription paper. On the next day, and before the subscription had been accepted by the corporation, he notified the vice-president of the company, who had circulated the paper, that he desired to cancel his subscription. No stock was ever tendered to him and nothing further was done at the time, by the corporation to charge the defendant, and defendant did not hear from the matter for more than a year afterwards, and not until after the corporation had proven a failure, when a

statement was sent him by the company covering his subscription and interest thereon. *Held,* that plaintiff was not entitled to recover in a suit for the price of the stock. An instruction covering this proposition is approved.

2. ———: ———: ———: **Last Subscriber.** Where the subscription of defendant to stock of a corporation was made last, and after all the other stock had been subscribed, the question of a subscriber's right to cancel his subscription after others had subscribed and became bound on the faith of his subscription is not in the case.

3. ———: ———: **Subscription to Stock Mutually Abandoned.** The general rule is that all contracts may be mutually abandoned, and agreements to take stock in a corporation stand on the same footing, and such abandonment may be inferred from the conduct, acts and dealings of the parties.

4. ———: ———: **Cancellation of Subscription.** Where parties have subscribed to the capital stock of a corporation, they are generally allowed to withdraw their subscriptions when no others have subscribed in reliance thereon, nor creditors' debts incurred, providing such withdrawal is made before acceptance by the corporation.

5. **PLEADING: General Denial: Confession and Avoidance: Inconsistent Defenses.** In a suit to recover for the amount due on stock in a corporation claimed to have been subscribed for by the defendant, defendant's answer contained a general denial, and the further defense "that whatever agreement, if any, the defendant made with any person with reference to the purchase by defendant of the shares of stock referred to in plaintiff's petition, the same was by and with the consent of such person rescinded and cancelled." *Held,* that the special defense did not admit that the defendant purchased the stock, and was not inconsistent with the general denial.

Appeal from the St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

AFFIRMED.

*Sturdevant & Sturdevant* for appellant.

(1) The subscription to the capital stock of a corporation in Missouri is an asset of the company, in which, by virtue of the subscription, the company, all

individual members thereof, and all creditors, acquire an interest. Such a contract is one that cannot be cancelled or relinquished without the consent of all interested parties. Oldsheim v. Thompson, 44 Mo. App. 181; Erskine v. Peck, 13 Mo. App. 284; Morawetz on Priv. Corp., secs. 286, 302; Chandler v. Brown, 77 Ill. 333; Chouteau v. Dean, 7 Mo. App. 210; Haskell v. Sells, 14 Mo. App. 91; 26 Cyc. 902. (2) So long as the seller holds himself in readiness to make delivery of the thing sold, and is liable to do so, he has the right to hold the purchaser liable for the entire purchase price, and to sue for and collect the same. Cook on Corp., sec. 336; Mohley v. Morgan, 6 Atl. 694; Dambmann v. Lorenz, 70 Md. 380; Kaddish v. Young, 108 Ill. 170; Roebling v. Lockstitch, 130 Ill. 660; St Louis R. H. Co. v. Hill, 72 Mo. App. 142; Mfg Co. v. McCord, 65 Mo. App. 507; Finlayson v. Wiman, 84 Hun. 360. (3) All persons obligating themselves to the company for the primary subscription value of its capital stock have all the liability of incorporators, whether the obligation is undertaken before or after incorporation. Morawetz on Private Corp., sec. 45; Pietsch v. Milbrath, 123 Wis. 656; Shickle v. Watts, 94 Mo. 419. (4) Where delivery and payment under the terms of a contract are contemporaneous, no tender is necessary prior to the time payment is made, and where the purchaser has expressed the intention of not carrying out the contract no tender at all is necessary. Schilb v. Pendleton, 76 Mo. App. 457; Morawetz on Priv. Corp., sec. 61; Soap Works v. Sayers, 55 Mo. App. 25; Wheeler v. New Brunswick, 115 U. S. 29. (5) The plea of general denial and that of confession and avoidance are inconsistent defenses, and cannot stand together. Bank v. Stone, 93 Mo. App. 293; Price v. Mining Co., 83 Mo. App. 471.

*Lee Sale* for respondent.

The undisputed evidence showing that defendant, at the request of one Miller, signed a paper reciting that

he had agreed to purchase certain stock, and also show-
ing that on the day following he instructed said Miller
to withdraw his name from that paper, and no further
transaction or communication between defendant and
anyone acting for plaintiff appearing, there is clearly
no right of action on said paper.  Cook v. Chittenden,
24 Fed. 544; Seligman v. Rogers, 113 Mo. 642.

GRAY, J.—This action was commenced in the cir-
cuit court of the city of St. Louis, by plaintiff against
the defendant to, recover the sum of three thousand five
hundred dollars which it is claimed defendant owes the
plaintiff.

The plaintiff corporation was organized in 1903,
with a capital stock of one hundred thousand dollars,
consisting of one thousand shares, of the par value of·
one hundred dollars each. Among the subscribers to the
capital stock when the corporation was organized, was
Mr. St. Clair, who subscribed for six hundred shares.
St. Clair was a promoter and was unable to pay for his
stock, and a settlement was made after the corporation
was organized, between him and. the corporation, by
which the corporation retained fifty-four thousand dol-
lars of the capital stock subscribed for by him. It became
necessary to get subscribers for the five hundred and
forty shares of the stock surrendered to the company by
St. Clair, and in order to do so, a subscription paper
was circulated by A. P. Miller, vice-president and
manager of the corporation.   This subscription paper
read as follows: ."We, the undersigned, hereby agree
to purchase the number of shares set opposite our re-
spective names, of the capital stock of the Palais du
Costume Company (a Missouri corporation), and agree
to pay therefor the sum of one hundred dollars per share
to be payable in amounts as called for.by the officers of
the said company."

The last one to sign the subscription paper was the
defendant, for thirty-five shares.   The enterprise was not

a success, and the defendant did not pay for the shares subscribed. On the 21st of July, 1905, he was notified by letter from the plaintiff, enclosing a statement for his subscription aggregating $3756.67, the same being the original subscription of three thousand five hundred dollars and interest on the same from May 1st, 1904. The defendant refused to pay, and this suit was instituted to recover the purchase price of the stock, together with interest.

The answer consists of a general denial, together with a special defense as follows: "Further answering said petition and as a second defence thereto, defendant states that whatever agreement, if any, the defendant made with any person with reference to the purchase by defendant of the shares of stock referred to in plaintiff's petition, the same was, by and with the consent of such person, rescinded and canceled."

There was a trial before the court without a jury, and judgment rendered in favor of the defendant, and plaintiff has appealed.

The evidence on the part of the defendant tended to prove that he signed the subscription paper, and the next day notified Mr. Miller, the vice-president of the company, that he desired to cancel the subscription and not take the stock, and that this was done before Mr. Miller had reported defendant's subscription to the corporation; that from that time until he received the notice above mentioned, on July 21, 1905, he heard nothing further from the corporation or any of its officers about his subscription, and that no stock was tendered or demand made until long after it was known that the corporation, a "World's Fair Scheme," was a failure.

The court on its own motion gave a declaration of law, declaring that if the defendant on the first of April, 1904, subscribed for the thirty-five shares of stock, and that on the 2nd day of April, he called upon the manager of the plaintiff, who had the subscription paper containing the signature of defendant in his possession,

and notified him that he did not desire to take the stock, and that afterwards nothing further was said or done to charge defendant on the books of the company for his subscription or purchase of stock, and defendant was not notified or made aware of any design to hold him for said subscription after the notice had been given of his declination to take the same until the notice of July 1, 1905, then the plaintiff was not entitled to recover in the action.

The appellant's first contention is, that the court erred in permitting defendant to offer evidence in support of his answer, on account of the same being a general denial and a confession and avoidance. The suit is by the corporation, and the petition alleges that plaintiff sold to the defendant thirty-five shares of the capital stock of the corporation, for which defendant then and there agreed to pay three thousand five hundred dollars; that plaintiff had tendered the stock to the defendant and he had refused to pay for the same.

The answer, as we have stated, was a general denial which put in issue all the allegations of plaintiff's petition. The special defense does not admit that defendant purchased the stock of the plaintiff, but simply alleges that whatever agreement, if any, the defendant made with any person with reference to the purchase by defendant of the shares of stock referred to in plaintiff's petition the same was by and with the consent of such person rescinded.

We do not believe that the answer is so inconsistent that the court erred in receiving testimony thereunder. [People's Savings Bank v. Hoppe, 132 Mo. App. 449, 111 S. W. 1190.]

There was evidence sufficient to authorize the court to find the issues submitted in the instruction in favor of the defendant, and therefore, the only question remaining is the correctness of the instruction as a declaration of law.

The subscription of defendant was made after all others had been obtained, and therefore, the question of his right to cancel his subscription after others had subscribed and became bound on the face of his subscription, is not in the case.

The general rule is that all contracts may be mutually abandoned and agreements to take stock in corporations, stand on the same footing, and such abandonment may be inferred from the conduct, acts and dealings of the parties. [Chouteau v. Jupiter Iron Works, 83 Mo. 73; Chouteau v. Jupiter Iron Works, 94 Mo. 388, 7 S. W. 467.]

And in cases where parties have subscribed to the capital stock of a corporation, they are generally allowed to withdraw their subscriptions where no others have subscribed in reliance thereon, nor creditors' debts incurred, providing such withdrawal is made before acceptance by the corporation. [Morawetz on Corporations, Sections 60; Garrett v. Dillsburg, etc., R. R. Co., 78 Penn. St. 465; Cook v. Chittendon, 25 Fed. 544; Gulf R. R. Co. v. Neeley, 64 Texas 344; Planters and Merchants Independent Packing Co. v. Webb, 46 So. 977; American Life Ins. Co. v. Melcher, 109 N. W. 805.]

The defendant's testimony shows that the next day after he had, at the request of Miller, made his subscription, he notified Mr. Miller while he still held the subscription paper, and before it was acted on by the corporation, that he withdrew his subscription and would not take the stock, and that Miller consented thereto; that from said date for more than a year, and until after the corporation had proven a failure, no stock was delivered or tendered, and no request was made upon defendant for the purchase price thereof.

Under these circumstances the court was justified in finding for the defendant.

We find no reversible error, and will affirm the judgment. All concur.