Palais Du Costume Co. v. Beach.

---

## PALAIS DU COSTUME COMPANY, Appellant, v. E. F. BEACH, Respondent.

St. Louis Court of Appeals. Argued and Submitted October 3, 1911. Opinion Filed February 6, 1912.

1. OPINION OF SPRINGFIELD COURT OF APPEALS ADOPTED. The opinion of the Springfield Court of Appeals in this case (144 Mo. App. 456) is adopted, as correctly stating the facts and declaring the law.

2. CORPORATIONS: Sales of Treasury Stock: Rescission of Subscription Contract. A subscription contract for the purchase of corporate stock, which stock the original subscriber had surrendered to the corporation and the latter had placed in its treasury, reciting that "we, the undersigned, hereby agree to purchase the number of shares set opposite our respective names," is an executory agreement, subject to rescission by the proposed purchasers at any time before acceptance.

3. ————: Sale of Original Issue of Stock: Rescission of Subscription Contract. The right of rescission above announced is not applicable to contracts of subscription for the original issue of stock upon the organization of a corporation; and no right of rescission of such subscription exists, regardless of when the subscription was made or where the subscriber's name appears thereon.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

AFFIRMED.

*Sturdevant & Sturdevant* for appellant.

(1) The subscription to the capital stock of a corporation in Missouri is an asset of the company, in which, by virtue of the subscription, the company, all individual members thereof, and all creditors, acquire an interest. Such a contract is one that can not be canceled or relinquished without the consent of all interested parties. No officer of the company, not even the entire board of directors, can release a subscriber from this obligation so as to exempt him from his liability, created by such subscription, in favor of all other members of the company and its creditors. Oldsheim v. Thompson, 44 Mo. App. 181; Erskine v. Peck, 13 Mo. App. 284; Morawetz on Private Corporations, secs. 286, 302; Chandler v. Brown, 77 Ill. 333; Choteau v. Dean, 7 Mo. App. 210; Haskell v. Sells, 14 Mo. App. 91; 26 Cyc., p. 902. (2) When the sale of an article or commodity is consummated by agreement of the parties, the seller has the right to retain the thing sold for the buyer and sue him for the entire purchase price thereof; and it is not within the power of the purchaser to compel the seller to pursue any other course in regard to the same, but so long as the seller holds himself in readiness to make delivery of the thing sold, and is able to do so, he has the right to hold the purchaser liable for the entire purchase price, and to sue for and collect the same. Cook on Corporations, sec. 336; Mohley v. Morgan, 6 Atl. Rep. 694; Dambmann v. Lorenz, 70 Md. 380; Kaddish v. Young, 108 Ill. 170; Roebling v. Lockstitch, 130 Ill. 660; Raw Hide Co. v. Hill, 72 Mo. App. 142; Mfg. Co. v. McCord, 65 Mo. App. 507; Finlayson v. Wiman, 84 Hun 360. (3) Where the capital stock authorized by the incorporation of a company has never been issued and its par value paid to the company, it retains the status

·of original stock, even though it may have been sub-
·scribed before incorporation and surrendered there-
·after, and the person subscribing or purchasing same
from the company after incorporation, and agreeing to
pay to the company the par value thereof, stands in
the same relation to the company and to other sub-
·scribers that he would had he subscribed for a like
·amount of its stock prior to the incorporation, as there
is no distinction between a purchase of, and subscrip-
tion for, such stock.   Shickle v. Watts, 94 Mo. 419;
Pietsch v. Milbrath, 123 Wis. 656.   (4) A person may
.become a member of an incorporated company either
by an original contract with the other members, or by
substitution in the place of an original member.   All
persons obligating themselves to the company for the
primary subscribtion value of its capital stock, have
all the liability of incorporators, whether the obliga-
tion was undertaken before or after incorporation.
Morawetz on Private Corporations, sec. 45; Pietsch v.
Milbrath, 123 Wis. 656.

*Lee Sale* for respondent.

(1) The paper signed by plaintiff, having been
signed by him after all other signatures had been
placed thereon, and without any agreement between
him and the other signers, it constituted no contract
between him and the other subscribers, but was at
most an offer to take stock, which he could withdraw
·at any time prior to its acceptance.   Morawetz on Cor-
porations, section 60.   (2) The undisputed evidence
·showing that defendant, at the request of one Miller,
signed a paper reciting that he had agreed to purchase
·certain stock, and also showing that on the day follow-
ing he instructed said Miller to withdraw his name
from that paper, and no further transaction or commu-
nication between defendant and anyone acting for
plaintiff appearing, there is clearly no right of action

on said paper. Cook, Assignee, v. Crittenden, 24 Fed. 544; Selligman v. Rogers, 113 Mo. 642.

REYNOLDS, P. J.—This action came to this court on appeal from the St. Louis Circuit Court, and pursuant to section 3939, Revised Statutes 1909, was transferred by us to the Springfield Court of Appeals, which court affirmed the judgment of the trial court. [See Palais Du Costume Co. v. Beach, 144 Mo. App. 456, 129 S. W. 270.] All proceedings in the Springfield Court of Appeals having been held void under the decision of our Supreme Court in State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon et al., 232 Mo. 496, 134 S. W. 538, the cause came back and has been argued before us.

The substantial facts in the case are set out by Judge GRAY in the above referred to opinion and we are satisfied to accept and adopt that statement and the conclusions of law arrived at by him on those facts, as our own.

In addition to what is there said by Judge GRAY, it is not improper to state that this action does not pretend to be on a subscription to the capital stock of plaintiff. It appears by the certificate of incorporation, which was in evidence, that the company was incorporated with a capitalization of $100,000, divided into 1000 shares of the par value of $100 each, all of which, according to the certificate, duly acknowledged by the incorporators, had been *bona fide* subscribed, "and all thereof actually put up in lawful money of the United States and is in the custody of the persons hereinafter named as the first board of directors." Defendant was not one of the original subscribers.

It is furthermore stated in the petition that one St. Clair, who was one of the original subscribers, had failed in payment for his subscription and that he had been released from his original subscription for 600

shares of stock as to all but 540 shares, and that these 540 shares became "a treasury asset of the said company and subject to sale and disposal by the said company to enable it to carry out the purposes of its organization," and that sometime after this, possibly a year, plaintiff corporation did "bargain and sell to defendant herein, E. F. Beach, thirty-five shares of the par value of $100 each, of the said stock so authorized to be sold as aforesaid for the sum and price of $3500, and that the said defendant did then and there agree to pay this plaintiff the said sum and price of $3500 for the said thirty-five shares of stock when demanded by the company." Very clearly then this action is not based on an original subscription to the stock, and the law applicable to original subscribers to the capital stock of a company, those subscriptions made to enable it, having complied with the law of the state, to enter upon business, has no application to the case at bar. The validity of the action of the board in releasing St. Clair and taking back 540 of his 600 shares of stock is not in issue nor considered by us. This case is presented on the theory of a bargain and sale of a part of these 540 shares.

It will be noticed that in the subscription paper, which was signed by defendant, the language used is, "We, the undersigned, hereby agree to purchase the number of shares set opposite our respective names." In itself, this is not an executed but an executory agreement, subject to rescission by the proposed purchasers at any time before acceptance. It was found as a fact by the learned trial judge that before the proposed seller, to whom the agreement to buy was made, had acted upon or accepted the offer or agreement to purchase, the proposed buyer had withdrawn his offer, which, as Judge GRAY shows by authority, he had a right to do. We understand what Judge GRAY says as to the fact that defendant had subscribed after all the others, while applicable to the facts in

this case, is not so as to original subscription. In the·latter case it is immaterial when the subscription was made or where the name of the subscriber appears, if he is one of those who did subscribe for stock in the original organization of the company.

In the argument of the case before us, attention was called to a decision of this court in Sherman v. Shaughnessy, 148 Mo. App. 679, 129 S. W. 245. We are unable to find any parallel between the facts there in issue and those in the present case. There are remarks in the opinion by the learned judge whc delivered it that are applicable, on general principles and to a certain extent to the case at bar, but the case in decision there bears no parallel on its facts to the one here.

For the reasons given by Judge GRAY in the opinion of the Springfield Court of Appeals heretofore referred to, the judgment of the circuit court of the city of St. Louis is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.